**THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE JOHN PETERSEN, Appellant.**— Appeal from a judgment of the County Court, Nassau County, convicting appellant of operating a motor vehicle in an intoxicated condition as a felony (Vehicle and Traffic Law, § 70, subd. 5), and imposing sentence of one year in the county jail, and from each and every intermediate order therein made. Judgment affirmed. No opinion. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment. Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: On the trial, appellant testified that he had not operated the automobile which he was accused of driving while intoxicated, and that in fact it had been driven by another person who was taking him home. On cross-examination evidence was admitted over his objection that he had made no such assertion on the occasion of his arrest and while in custody, and the fact that he had not made such a statement, when arrested, was stressed in summation by the assistant district attorney, who represented the People. The admission of such evidence and its use in summation against appellant was in my opinion prejudicial error which was not cured by the County Judge's instructions to the jury as to the weight to be given to the evidence (cf. *People* v. *Rutigliano*, 261 N. Y. 103; *People* v. *Mleczko*, 298 N. Y. 153; *People* v. *Abel*, 298 N. Y. 333). Since appellant was under no duty to speak, his failure to speak at the time of his arrest was not a proper test of the credibility of his testimony on the trial.

**THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAM WEINSTEIN, Appellant.**— Appeal from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting appellant, after trial, of violating section 436–5.0 of the Administrative Code of the City of New York, and sentencing him to serve 30 days, execution of the sentence being suspended. Judgment affirmed. (*People* v. *Klufas*, 1 Misc 2d 828, affd. 2 A D 2d 958.) Wenzel, Beldock, Murphy and Hallinan, JJ., concur; Nolan, P. J., dissents and votes to reverse the judgment and to dismiss the information, with the following memorandum: Section 436–5.0 of the Administrative Code does not forbid the sale of toy or imitation pistols which are merely similar in appearance to actual pistols or revolvers. It prohibits the sale of such toys or imitations only if they *substantially duplicate* actual pistols or revolvers, and then only if they are of specified colors. There appears to be merit to appellant's contention that the law, insofar as it employs the term "substantially duplicates" is too indefinite for enforcement (see *Connally* v. *General Constr. Co.*, 269 U. S. 385; *Trio Distr. Corp.* v. *City of Albany*, 2 N Y 2d 690, 696, and cases there cited). That question, however, need not be decided. There is no evidence in this record that the articles sold by appellant duplicated (as that word is generally understood) any part of a real pistol or revolver, nor is such duplication apparent on inspection. They differ from actual pistols or revolvers in so many material respects not only in construction, but also in appearance that it is apparent that they are toy cap pistols, the sale of which is permitted by section 1894-a of the Penal Law, and may not be prohibited by local legislation.