Per Curiam.

We are required to decide here whether the City of New York may constitutionally forbid the possession of toy pistols which resemble real guns in certain specified ways.
Subdivision g of section 436-5.0[1] of the Administrative Code of the City of New York states: "g. It shall be unlawful for any person to sell or offer for sale, possess or use or attempt to use or give away, any toy or imitation pistol or revolver which substantially duplicates an actual pistol or revolver, unless said imitation or toy pistol or revolver shall be colored in colors other than black, blue, silver or aluminum, and further provided that the barrel of said toy or imitation pistol or revolver shall be closed with the same material of which the toy or imitation pistol or revolver is made for a distance of not less than one-half inch from the front end of said barrel. However, the possession or display of such instrument by a manufacturer or dealer, shall not be a violation of this section if sale is accompanied by delivery to a point without the city, and possession for such purpose by a manufacturer or dealer shall not be unlawful. Every such toy or imitation pistol or revolver hereinafter manufactured, distributed, transported or sold shall have legibly stamped thereon, the name of the manufacturer or some trade name, mark or brand by which the manufacturer can be readily identified. Any person who shall violate this subdivision shall be guilty of a misdemeanor, *531 punishable by a fine of not more than one thousand dollars ($1,000) or imprisonment not exceeding one (1) year, or both.”
Defendant was apprehended while in possession of a toy pistol which was black with a brown handle and resembled the sort of gun known as a Luger. Its barrel was not fully blocked with the same material as the barrel itself. He does not deny that he possessed the toy gun in issue. Instead, he argues that the city’s Administrative Code provision is unconstitutional in that it permits criminal sanction without a finding of specific intent to use the toy gun in an illegal manner. Defendant also argues that the structure and provisions of section 265.00 of the Penal Law indicate the State’s intent to pre-empt the field of legislation with respect to criminality in connection with toy guns, since it requires that intent to use a toy gun unlawfully be proved (§ 265.01, subd [2]) and does not provide for the inferring of intent from possession itself (§ 265.15, subd [4]).
We uphold the defendant’s conviction. In our view the ordinance here challenged is a valid exercise of the police powers delegated to the city by the State Constitution and the Municipal Home Rule provisions (NY Const, art IX, § 2; Municipal Home Rule Law, § 10).
A statute which creates a crime is a valid exercise of the police power of the State so long as there is a reasonable relationship between the public welfare and the act proscribed. Where the State has delegated the power to exercise the police power to a municipality, as is the case here, its ordinances are entitled to the same presumption of constitutionality as are those of the State itself (see Fenster v Leary, 20 NY2d 309; Matter of Van Berkel v Power, 16 NY2d 37).
There is also no pre-emption by State law. Subdivision (2) of section 265.01 is not limited to imitation guns but applies as well to possession of "any dagger, dangerous knife, dirk, razor, stilleto * * * or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another”. The statute’s insistence on the element of intent and its observance of constitutional limitations on presumptions flowing from possession to prove that intent (§ 265.15, subd 4) do not mean that local efforts to further control use through direct prohibition upon possession itself is precluded. In holding this very same city ordinance constitutional, one court has already noted: "The mere fact that a local law may deal with some of the same matters touched upon by State law does not *532 render the local law invalid (People v. Lewis, 295 N. Y. 42). It is only when the State has evidenced a desire or design to occupy an entire field to the exclusion of local law that the city is powerless to act (Wholesale Laundry Bd. of Trade v. City of New York, 17 A D 2d 327, affd. 12 NY2d 998).” (People v Webb, 78 Misc 2d 253, 256.)
The Penal Law does not define "imitation pistol”. The city ordinance, on the other hand, is directed specifically at those imitation pistols or revolvers which are so designed that they may readily be mistaken for real guns so "as to be used or usable for nefarious purposes”. (1 Proceedings of Council of City of NY, p 74 [1955].) A toy gun which would fool nobody is still illegal under the State law if used with criminal intent. Under the city ordinance, such an obvious toy is not regulated at all. As was made clear in the statement of legislative purpose contained in the Report of the Committee on General Welfare of the City Council of the City of New York:
"This bill does not forbid or restrict the sale, possession or use of true toy pistols or revolvers, provided same are not substantial duplicates of actual pistols or revolvers. * * *
"The purpose of this bill is to prevent the sale, possession or use of models so closely copied from actual weapons as not to be readily discernible as toys.” (1 Proceedings of Council of City of NY, p 24 [1955].)
Thus, while State law evinces an intent to cover, quite broadly, most of the possible categories of weapons for which it deems some sanction is necessary when these are used with illegal intent, the city ordinance is aimed at the prevention of a particular type of abuse. One does not depend on the other, nor are they inconsistent with one another. It follows that State law is neither at odds with nor exclusive of the ordinance in question. (People v Lewis, 295 NY 42.) For, unless pre-emption is limited to situations where the intention is clearly to preclude the enactment of varying local laws, "the power of local governments to regulate would be illusory” (People v Cook, 34 NY2d 100, 109).[2]
Accordingly, the order of the Appellate Term should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, *533 Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order affirmed.

. There are actually two versions of section g in the ordinances. They are identical in. all respects save that one of them includes an exception for imitation guns used in theatrical productions. (Local Laws, 1955, No. 75 of City of New York and Local Laws, 1955, No. 26 of City of New York.)

. The ordinance here challenged has also been upheld, though in juxtaposition to a then different State statute, in People v Weinstein (5 AD2d 698, affd 4 NY2d 986). (See, also, People v Klufus, 1 Misc 2d 828, affd 2 AD2d 958.)