■ OIL HEAT INSTITUTE OF LONG ISLAND, INC., et al., Respondents, v TOWN OF BABYLON, Appellant.—In an action for

a declaratory judgment and a permanent injunction, the defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated May 17, 1988, which, on the plaintiff's motion for a preliminary injunction, *sua sponte,* in the interest of judicial economy, awarded summary judgment to the plaintiffs declaring that the Babylon Town Code chapter 123 is preempted by ECL, article 17, title 10 and permanently enjoined the defendant Town of Babylon from enforcing that chapter of its code.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action seeking, among other things, to permanently enjoin the defendant from enforcing Babylon Town Code chapter 123. This chapter regulates, *inter alia,* the installation, maintenance and abandonment of fuel oil storage tanks. On September 1, 1983, article 17, title 10 of the Environmental Conservation Law, also known as "The Bulk Storage of Petroleum Act" (ECL 17-1001—17-1017), became law. Pursuant to ECL 17-1015, the New York State Department of Environmental Conservation promulgated a State Petroleum Bulk Storage Code (hereinafter the code). Both the act and the code govern the installation, maintenance and abandonment of fuel oil storage tanks within the State of New York. The issue on this appeal is whether the State statute and code preempt Babylon Town Code chapter 123.

Municipalities have broad powers to enact local legislation concerning the health, safety, welfare and morals of their residents (NY Const, art IX, § 2; Municipal Home Rule Law § 10). However, a local law may be preempted by a State law not only where there is an express conflict between the State and local law, but also where the State has clearly evinced a desire to preempt an entire field, thereby precluding any further regulation *(Jancyn Mfg. Corp. v County of Suffolk,* 71 NY2d 91; *Dougal v County of Suffolk,* 102 AD2d 531, *affd* 65 NY2d 668; *Matter of Ames v Smoot,* 98 AD2d 216). Furthermore, an intent to preempt need not be expressly declared; preemption may be implied from the nature of the subject matter being regulated and the purpose and scope of the State statutory scheme *(Consolidated Edison Co. v Town of Red Hook,* 60 NY2d 99; *People v De Jesus,* 54 NY2d 465; *Dougal v County of Suffolk, supra).*

In this case there is an express preemption. ECL 17-1017 specifically provides that any local law or ordinance which is inconsistent with any provision of article 17, title 10 or any rule or regulation promulgated thereunder shall be

preempted. If the State Legislature had not expressly preempted the field, its enactment of a comprehensive and detailed regulatory scheme with regard to the installation, maintenance and abandonment of fuel oil storage tanks would permit the finding that local laws in the same field were impliedly preempted (see, Albany Area Bldrs. Assn. v Town of Guilderland, 74 NY2d 372; Consolidated Edison Co. v Town of Red Hook, 60 NY2d 99, 105, supra).

Furthermore, a comparison of the respective State statute and code with Babylon Town Code chapter 123 reveals obvious basic conflicts involving the construction of underground fuel oil tanks and the method of abandonment of such underground tanks. Accordingly, the Supreme Court properly determined that Babylon Town Code chapter 123 was preempted by the State statute and that a permanent injunction enjoining enforcement of chapter 123 should issue.

We have considered the appellant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Kunzeman and Spatt, JJ., concur.