967 F.2d 54
 1992-1 Trade Cases P 69,860
 The HERTZ CORPORATION, Plaintiff-Appellant,
v.
The CITY OF NEW YORK, O. Peter Sherwood, in his official
capacity as Corporation Counsel of the City of New York, and
Mark Green, in his official capacity as Commissioner of
Consumer Affairs of the City of New York, Defendants-Appellees.
 Docket No. 92-7369.
 United States Court of Appeals,
Second Circuit.
 June 10, 1992.
 
 Present: FEINBERG, PRATT, McLAUGHLIN, Circuit Judge.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by counsel.
 
 
 2
 On consideration of the briefs, appendix, record and the oral argument in this appeal, it is hereby ORDERED that the Clerk of the Court transmit to the Clerk of the New York Court of Appeals a Certificate in the form attached, together with a complete set of the briefs, appendix, and record filed by the parties with this Court.
 
 
 3
 ----------UNITED STATES COURT OF APPEALS
 
 FOR THE SECOND CIRCUIT
 Docket No. 92-7369
 Filed June 10, 1992
 
 4
 THE HERTZ CORPORATION, Plaintiff-Appellant,
 
 
 5
 --against--
 
 
 6
 THE CITY OF NEW YORK, O. PETER SHERWOOD, in his official capacity as Corporation Counsel of the City of New York, and MARK GREEN, in his official capacity as Commissioner of Consumer Affairs of the City of New York, Defendants-Appellees.
 
 
 7
 ----------
 
 
 8
 Certificate to the New York Court of Appeals (pursuant to McKinney's Revised 1991 New York Rules of Court § 500.17(b)--certification of unsettled question of law)
 
 
 9
 The Hertz Corporation ("Hertz") is a Delaware corporation authorized to do business in the State of New York, engaged in the business of renting vehicles to customers in New York and throughout the country. On January 2, 1992, Hertz announced that it would increase the daily rental rates it charges in the New York area by $56.00 for residents of the Bronx, by $34.00 for residents of Brooklyn, by $3.00 for residents of Manhattan and by $15.00 for residents of Queens. In response, the New York City Council enacted New York City Local Law 21 of 1992 (the "Hertz law") which amends Chapter Four of Title 20 of the Administrative Code of the City of New York to provide that "[n]o rental vehicle company shall refuse to rent a motor vehicle to any person otherwise qualified based on that person's residence, nor impose fees or charges based on that person's residence." New York City Local Law 21 § 1 (1992). The Hertz law thus prohibits car rental companies from calculating rental rates based on the renter's residence.
 
 
 10
 On March 27, 1992, Hertz commenced the present action in the United States District Court for the Southern District of New York, seeking a declaratory judgment and injunctive relief invalidating and precluding the enforcement of the Hertz law on the grounds that it violated the preemption doctrine of the New York state constitution, as well as provisions of the federal constitution and the Sherman antitrust act. In its state law argument, Hertz contends that New York State law regulating the rental car industry preempts the city's local law. See generally, Albany Area Builders Ass'n v. Guilderland, 74 N.Y.2d 372, 377-79, 546 N.E.2d 920, 922, 547 N.Y.S.2d 627, 629 (1989) (court found preemption based on the comprehensive and detailed nature of the state legislation and on the declaration of state policy); Robin v. Incorporated Village of Hempstead, 30 N.Y.2d 347, 350, 285 N.E.2d 285, 286, 334 N.Y.S.2d 129, 131 (1972) (same); Ba Mar, Inc. v. County of Rockland, 164 A.D.2d 605, 612-14, 566 N.Y.S.2d 298, 303-04 (2nd Dep't 1991) (same).
 
 
 11
 Specifically, Hertz argues that various provisions of the New York General Business Law, especially sections 396-z, 391-g, 391-i and 398-b, establish a "comprehensive and detailed regulatory scheme" regarding the rental car industry and evince the state legislature's intent to pre-empt further regulation in the field by the City of New York. See Albany Area Builders Ass'n, 74 N.Y.2d at 372, 546 N.E.2d at 920, 547 N.Y.S.2d at 627 (1989).
 
 
 12
 The city, in response, cites state law that it claims supports the compatibility of Local Law 21 and state legislation. See New York State Club Ass'n v. New York, 69 N.Y.2d 211, 505 N.E.2d 915, 513 N.Y.S.2d 349 (1987). The city asserts that it acted in accord with the New York State Constitution which places only two limitations on the grant of the city's authority: "(1) the local government (here, the City of New York) may not exercise its police power by adopting a local law inconsistent with constitutional or general law; and (2) the City may not exercise its police power when the legislature has restricted such an exercise by preempting the area of regulation." New York State Club Ass'n, 69 N.Y.2d at 217, 505 N.E.2d 915, 513 N.Y.S.2d 349 (citations omitted); see also N.Y. Const., art. IX, § 2 (McKinney 1987); N.Y. Mun. Home Rule Law, § 10(1)(ii) (McKinney 1969). The city further contends that the state's acts in the car rental area do not "evinc[e] a State purpose to exclude the possibility of varying local legislation." Monroe-Livingston Sanitary Landfill, Inc. v. Caledonia, 51 N.Y.2d 679, 683, 417 N.E.2d 78, 435 N.Y.S.2d 966 (1980). See also People v. New York Trap Rock Corp., 57 N.Y.2d 371, 378, 442 N.E.2d 1222, 456 N.Y.S.2d 711 (1982) (same); People v. Judiz, 38 N.Y.2d 529, 532, 344 N.E.2d 399, 381 N.Y.S.2d 467 (1976) (finding no preemption of local law banning imitation pistols despite duplicative state scheme).
 
 
 13
 In a memorandum and order dated March 31, 1992, the district court dismissed Hertz's complaint in its entirety for failure to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). Enforcement of the Hertz law has been enjoined pending the outcome of this appeal.
 
 
 14
 The parties have cited no New York case, and this court has found none, addressing the precise issue before us:
 
 
 15
 whether New York State legislation addressing car rental practices sets forth a sufficiently comprehensive scheme of regulations to preempt further legislation in the field by the municipalities of the state.
 
 
 16
 This question should be decided by the New York Court of Appeals because it requires interpretation of New York statutes and caselaw, and directly involves the application of an important public policy of the State of New York. Moreover, the New York Court of Appeals is best situated to guide the growth of the state's pre-emption jurisprudence, a doctrine of unique state interest, because it requires balancing the respective roles of the state and its municipalities. The question is important both to Hertz and other car rental agencies doing business in New York, and indeed, even to the State of New York itself, as evidenced by the initiation of a lawsuit filed January 17, 1992, pending in the New York State Supreme Court, New York County, in which the city, the state attorney general and the state comptroller have challenged Hertz's residence-based rates as violating § 396-z of the General Business Law. People v. Hertz Corp., Index No. 40329/92.
 
 
 17
 The question certified should be addressed "at this time", New York Rules of Court § 500.17(b), because this court's determination of the federal claims advanced by Hertz will be necessary only if state preemption law upholds the authority of the city to enact Local Law 21. On the other hand, if the Hertz law is preempted by state law, this action by Hertz against the city can be terminated summarily.
 
 
 18
 The foregoing is hereby certified to the Court of Appeals for the State of New York as ordered by the United States Court of Appeals for the Second Circuit.
 
 Dated: New York, New York
 This 10th day of June, 1992
 ELAINE GOLDSMITH
 
 19
 ------------------------------
 
 
 20
 Clerk,
 
 United States Court of Appeals
 
 21
 for the Second Circuit