■ In the Matter of County of Niagara et al., Appellants, v Gail Shaffer, as Secretary of State of the State of New

York, et al., Respondents. [607 NYS2d 466] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Spain, J.), entered December 8, 1992 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioners, the County of Niagara and the chair of the County's Legislature, brought this CPLR article 78 proceeding seeking, *inter alia,* a declaration that the Department of Social Services exceeded its jurisdiction when it refused to approve Local Laws, 1992, No. 1 of the County of Niagara. That law provides that no person applying for aid to dependent children, Medicaid or home relief benefits in the County is eligible to receive the same "until and unless the applicant has been a resident of the State of New York for a continuous period of at least 365 days prior to the date of application".* Respondents moved to dismiss the petition and Supreme Court, finding Local Law No. 1 to be in direct conflict with the Social Services Law, granted the motion. Petitioners appeal.

In enacting the comprehensive and detailed provisions of the Social Services Law, the State Legislature manifested its intention to assume control over the field and to preempt local legislation which would thwart that control *(see, Albany Area Bldrs. Assn. v Town of Guilderland,* 74 NY2d 372, 377). Where such an intent has been evinced by the Legislature, local laws regulating the same subject matter are considered "inconsistent with the State's transcendent interest" *(supra,* at 377) if they expressly contradict the existing State-wide legislation, prohibit what would otherwise be permissible under State law, or impose additional restrictions on the rights created thereby *(see, Jancyn Mfg. Corp. v County of Suffolk,* 71 NY2d 91, 97; *Matter of Ames v Smoot,* 98 AD2d 216, 218).

The Social Services Law is a general law which addresses matters of State-wide concern *(see, Matter of Toia v Regan,* 54 AD2d 46, 53, *affd* 40 NY2d 837, *appeal dismissed* 429 US 1082). It stipulates that "each public welfare district *shall* be responsible for the assistance and care of *any person who resides or is found in* its territory and who is in need of public assistance" (Social Services Law § 62 [1] [emphasis supplied]), and that medical assistance "shall be given" to a person who meets certain other criteria if he or she "is a resident of the state, or, while temporarily in the state, requires immediate

---

* The petition also requested an order directing the Secretary of State to file Local Law No. 1; that portion of the proceeding was rendered moot when the law was filed on March 2, 1993.

medical care" (Social Services Law § 366 [1] [b]). These provisions are clearly mandatory, not precatory; a county is bound to furnish relief to persons who come within the statutory definitions *(cf., Matter of Jones v Berman,* 37 NY2d 42, 55). Inasmuch as Local Law No. 1 imposes " 'prerequisite "additional restrictions" ' " on a person's right to these benefits, it is inconsistent with the Social Services Law *(Consolidated Edison Co. v Town of Red Hook,* 60 NY2d 99, 108, quoting *F.T.B. Realty Corp. v Goodman,* 300 NY 140, 147-148; *see, Matter of Penny Lane/E. Hampton v County of Suffolk,* 191 AD2d 19, 23-24), and respondents' disapproval of it cannot be said to have been either arbitrary or capricious *(see,* Social Services Law § 20 [3] [a]; 18 NYCRR 300.6).

Cardona, P. J., Mercure, Casey and Weiss, JJ., concur. Ordered that the judgment is modified, without costs, by declaring that Local Laws, 1992, No. 1 of the County of Niagara is unlawful and unenforceable, and, as so modified, affirmed.