■ In the Matter of JIJ REALTY CORPORATION et al., Respondents, v THOMAS COSTELLO et al., Appellants. [658 NYS2d 92] —In

a hybrid proceeding pursuant to CPLR article 78, *inter alia,* to annul a determination of the Town of Southeast Zoning Board of Appeals, dated May 10, 1995, which denied the petitioners' application for an interpretation of the zoning ordinance so as to permit the use of a certain parcel of land located in an ED-1 district as a warehouse for storage of lubricating oil and grease, and for a judgment declaring, *inter alia,* that the petitioners' storage/warehouse use is permitted as of right in the ED-1 district, the appeal is from an order and judgment (one paper) of the Supreme Court, Putnam County (Hickman, J.), dated March 25, 1996, which, *inter alia,* granted the petition, annulled the determination, and declared that the petitioners' use of the property as a warehouse for the storage of lubricating oil and grease is permitted as of right in an ED-1 district.

Ordered that the order and judgment (one paper) is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is denied and the proceeding is dismissed on the merits.

The petitioner JIJ Realty Corporation is the owner of a parcel of property improved with a two-story building which the petitioner Interstate Petroleum Products, Inc., seeks to use to store its petroleum products. The subject property is situated in an ED-1 (economic development) zoning district in the Town of Southeast, 1,000 feet from a reservoir that supplies water to the City of New York and to the residents of the Town.

Pursuant to the zoning ordinance of the Town of Southeast, an ED-1 district permits a "warehouse" use, and defines "warehouse" as a "building or structure used for the storage of nonpolluting and nonhazardous manufactured goods". The respondent Town of Southeast Zoning Board of Appeals (hereinafter the ZBA) interpreted the subject zoning provision to exclude the storage of petroleum and denied the petitioners' application for an interpretation that the use of the warehouse to store lubricating oil and grease was permitted under the ordinance. The Supreme Court annulled that determination and found that the Petroleum Bulk Storage Code (ECL 17-1001 *et seq.;* 6 NYCRR 612.1-614.1) expressly and impliedly preempted the field (ECL 17-1017; *Oil Heat Inst. v Town of Babylon,* 156 AD2d 352).

In the *Oil Heat* case we stated that "[the State Legislature's] enactment of a comprehensive and detailed regulatory scheme *with regard to the installation, maintenance and abandonment of fuel oil storage tanks* would permit the finding that local laws in the same field were impliedly preempted" *(Oil Heat Inst. v Town of Babylon, supra,* at 354 [emphasis supplied]).

The zoning ordinance here, however, did not pertain to the installation, maintenance and abandonment, or storage of petroleum. Rather, as interpreted by the ZBA, the zoning ordinance categorically prohibited the use sought by the petitioners. The interpretation by the ZBA of the Town Zoning Ordinance was not irrational and is therefore entitled to great deference (see, *Matter of Naumann v Zoning Bd. of Appeals of Town of Carmel,* 161 AD2d 714; cf., *Matter of North White Auto v Clem,* 229 AD2d 393). Moreover, the interest of the Town in preventing water pollution by restricting the use of property near a reservoir is not inconsistent with the underlying purpose of the article 17 of the Environmental Conservation Law, which is, in part, to prevent water pollution arising from petroleum spills and leaks (ECL 17-1001). Therefore, as the subject zoning provision is not in conflict with the regulations promulgated under the Petroleum Bulk Storage Code (see, 6 NYCRR 612.1-614.1) and is consistent with the purpose underlying the Petroleum Bulk Storage Code, the zoning provision at issue is not preempted by State law (see, *Matter of Frew Run Gravel Prods. v Town of Carroll,* 71 NY2d 126; accord, *Jancyn Mfg. Corp. v County of Suffolk,* 71 NY2d 91, 97).

Moreover, we find that the petitioners failed to meet their burden of demonstrating that the terms "nonpolluting" and "nonhazardous" were so indefinite that they did not understand them (see, *Matter of Burke v Denison,* 218 AD2d 894). A review of the record demonstrates that the interpretation and determination of the ZBA was reasonable, supported by evidence, and not arbitrary or capricious (see, *Matter of Burke v Denison, supra; Matter of Tallini v Rose,* 208 AD2d 546). Miller, J. P., Ritter, Joy and Krausman, JJ., concur.