[716 NYS2d 128]

In the Matter of ELAYNE ZORN, Petitioner, and CITY OF ITHACA, Respondent, v ROBERT HOWE, Appellant.

Third Department, November 22, 2000

*LoPinto, Schlather, Solomon & Salk,* Ithaca (*Diane Campbell* of counsel), for appellant.

*Patricia Dunn, City Attorney,* Ithaca, for respondent.

### OPINION OF THE COURT

MERCURE, J.

In April 1998, the Common Council of the City of Ithaca in Tompkins County enacted ordinance 98-3, which added a new chapter 177 to the City of Ithaca Municipal Code (hereinafter chapter 177). As primarily relevant to this appeal, chapter 177 provides that

"[a] special proceeding to evict a tenant from leased premises may be maintained upon the ground that the premises, or any part thereof, have been used or occupied for the purpose of using or possessing illegal drugs * * *

"[and] [t]he procedures applicable to summary proceedings to recover possession of real property under State law shall be applicable to any proceeding brought under this law" (City of Ithaca Municipal Code, ch 177, §§ 2, 3).

In February 1999, petitioner Elayne Zorn (hereinafter petitioner), the owner of an apartment building at 402 North Geneva Street in the City, brought a summary proceeding in Ithaca City Court against respondent, the tenant of apartment No. 4, seeking judgment awarding petitioner possession of the premises based upon respondent's alleged illegal drug use and possession. Upon respondent's admission that the premises had been used and occupied by him for the purposes of illegal drug use and possession, City Court granted judgment in favor of petitioner. Respondent appealed to County Court, which

granted the application of the City of Ithaca to intervene as a petitioner and thereafter affirmed City Court's judgment. Respondent now appeals to this Court, primarily contending that chapter 177 is preempted by State law and is unconstitutional. We disagree and accordingly affirm.

■ Initially, we reject the contention that chapter 177 of the City of Ithaca Municipal Code is preempted by provisions of the Real Property Law and the RPAPL. Real Property Law § 231 (1) provides in pertinent part as follows: "Whenever the lessee or occupant other than the owner of any building or premises, shall use or occupy the same, or any part thereof, for any illegal trade, manufacture or other business, the lease or agreement for the letting or occupancy of such building or premises, or any part thereof * * * shall thereupon become void, and the landlord of such lessee or occupant may enter upon the premises so let or occupied." RPAPL 715 defines the grounds for eviction and the procedure to be followed when the use or occupancy of leased premises is illegal, i.e., when "used or occupied in whole or in part as a bawdy-house, or house or place of assignation for lewd persons, or for purposes of prostitution, or for any illegal trade, business or manufacture" (RPAPL 715 [1]). Chapter 177 mirrors the substantive provisions and procedures of Real Property Law § 231 and RPAPL 715, but expands the grounds for eviction to include illegal drug use and possession.

Respondent makes much of the fact that, in enacting Real Property Law § 231 and RPAPL 715, the Legislature chose not to touch upon illegal activities of a private noncommercial nature and that chapter 177 therefore expands upon the grounds for eviction prescribed in those statutes. Although undoubtedly true, that fact has little bearing on the relevant issues of whether the State has evinced a desire to occupy the entire field or, alternatively, whether there is a direct conflict between the State and local laws (see, *Albany Area Bldrs. Assn. v Town of Guilderland*, 74 NY2d 372, 377; *Jancyn Mfg. Corp. v County of Suffolk*, 71 NY2d 91, 96-97). In our view, neither of those criteria for a finding of preemption has been satisfied in this case.

First, we have not been made aware of any statute or legislative history evidencing the Legislature's intention to preempt local laws authorizing eviction on the basis of an illegal use of premises. We are unpersuaded by respondent's effort to utilize the comprehensive statutory scheme embodied in RPAPL article 7 as a predicate for its preemption argument when but

one discrete ground for eviction is truly at issue (*cf., Tartaglia v McLaughlin*, 190 Misc 266, *affd* 273 App Div 821, *revd on other grounds* 297 NY 419). In our view, the mere fact that the Legislature chose to address illegal business activity in RPAPL 715 in no way evidences an intent to preclude a municipality from exercising its municipal home rule power by similarly addressing illegal private activities. It is "only when the State has evidenced a desire or design to occupy an entire field to the exclusion of local law that the city is powerless to act" (*People v Judiz*, 38 NY2d 529, 532).

The case of *Tartaglia v McLaughlin* (*supra*), upon which petitioner places substantial reliance, provides a telling contrast. In the face of an emergency housing shortage, New York City enacted a local law intended to restrict evictions from apartments by providing that no tenant could be removed from any apartment unless the Temporary City Housing Rent Commission first issued a certificate attesting to the existence of one or more grounds for eviction or exclusion (*id.*, at 268-269). Observing that Civil Practice Act article 83, the predecessor to RPAPL article 7, was a general State statute applicable to the civil practice in all courts of record in the State (*id.*, at 269) and that "[t]he organization of courts and the procedure to be followed therein are matters exclusively of state concern" (*id.*, at 270), Supreme Court, Kings County determined that the local law had the effect of abrogating State law by "assum-[ing] to impose restrictions upon the rights of litigants to bring actions or proceedings in the courts to recover possession of dwelling space" (*id.*, at 271). In sharp distinction, the ordinance at issue here places no impediment upon landowners' free access to the courts or to the remedies provided in the RPAPL. Rather, it merely supplements the State statutory scheme by providing an additional ground for eviction.

Municipal home rule is deeply rooted in the history of this State. "Article IX of the State Constitution declares that effective local self-government and intergovernmental cooperation are purposes of the people of this State, and it directs the Legislature to provide for the creation and organization of local governments so as to secure the rights, powers, privileges and immunities granted by the Constitution" (*Kamhi v Town of Yorktown*, 74 NY2d 423, 428; *see*, NY Const, art IX, § 1). It has been long recognized by the Legislature "that situations may arise where laws of State-wide application are appropriately tailored by municipalities to fit their own peculiarly local needs" (*Kamhi v Town of Yorktown*, *supra*, at 430). "So long as

local legislation is not inconsistent with the State Constitution or any general law, localities may adopt local laws both with respect to their 'property, affairs or government' * * * and with respect to other enumerated subjects, except 'to the extent that the legislature shall restrict the adoption of such a local law' " (*Albany Area Bldrs. Assn. v Town of Guilderland*, 74 NY2d 372, 376, *supra*, quoting NY Const, art IX, § 2 [c] [i], [ii]; Municipal Home Rule Law § 10 [1] [i], [ii]).

Second, respondent has made no demonstration that chapter 177 expressly conflicts with any provision of State law. Notably, inconsistent is not to be narrowly defined as meaning different (*see, Sherman v Town of Rhinebeck*, 133 AD2d 77, 79; *Town of Clifton Park v C. P. Enters.*, 45 AD2d 96, 98; *Council for Owner Occupied Hous. v Koch*, 119 Misc 2d 241, 245, *affd* 61 NY2d 942). "[T]he mere fact that both the State and local governments seek to regulate the same subject matter does not, in and of itself, render the local legislation invalid on preemption grounds" (*Ba Mar v County of Rockland*, 164 AD2d 605, 612, *appeal dismissed* 78 NY2d 877, *lv denied* 78 NY2d 982; *see, Incorporated Vil. of Nyack v Daytop Vil.*, 78 NY2d 500, 505; *Council for Owner Occupied Hous. v Koch, supra*, at 244). In order to satisfy the inconsistency prong, it must be shown that the local law permits conduct prohibited by State law, prohibits conduct specifically permitted by State law or imposes restrictions on rights granted by the State (*see, Jancyn Mfg. Corp. v County of Suffolk*, 71 NY2d 91, 97, *supra; see also, Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs*, 74 NY2d 761, 764; *Bracker v Cohen*, 204 AD2d 115, 116; *Matter of County of Niagara v Shaffer*, 201 AD2d 786, 787; *Council for Owner Occupied Hous. v Koch, supra*, at 245).

Consistent with that view, courts have upheld local laws that provide details of a topic on which State statutes remained silent, wherein the local ordinance supplements, rather than supplants, the State legislation (*see, e.g., Jancyn Mfg. Corp. v County of Suffolk, supra* [State law regulating use of sewage system additives did not preempt local legislation prohibiting use of any sewage system additives without county health department approval]; *New York State Club Assn. v City of New York*, 69 NY2d 211, *affd* 487 US 1 [city discrimination ordinance defined "distinctly private" clubs, whereas State Human Rights Law did not]; *People v Judiz*, 38 NY2d 529, *supra* [city code provision criminalizing possession of toy gun which duplicates real gun held valid, despite State statute criminaliz-

ing possession of toy weapon with intent to use it unlawfully]; *Matter of JIJ Realty Corp. v Costello*, 239 AD2d 580, *lv denied* 90 NY2d 811 [zoning ordinance prohibiting storage of petroleum products not preempted by ECL's provisions dealing with petroleum storage]; *Metropolitan Funeral Directors Assn. v City of New York*, 182 Misc 2d 977 [local legislation requiring posting of funeral home price lists not preempted by State regulations requiring that price lists be given to customers]; *Council for Owner Occupied Hous. v Koch*, 119 Misc 2d 241, *supra* [city code supplemented State regulatory process of condominium conversion]; *but see, Halpern v Sullivan County*, 171 AD2d 157 [State legislation comprehensively regulated mobile home parks, preempting local legislation]; *Ba Mar v County of Rockland*, 164 AD2d 605, *supra*; *Town of Moreau v New York State Dept. of Envtl. Conservation*, 178 Misc 2d 56 [comprehensive State statutes and regulations on hazardous waste disposal and cleanup preempt local legislation in that area]).

In the present case, chapter 177 is consistent with the State statutory scheme of grounds for eviction based on illegal activity. Use and possession of illegal drugs are illegal activities. The local ordinance merely supplements the State statute by adding additional grounds for eviction. Chapter 177 is not inconsistent with RPAPL 715 because it does not prohibit conduct that the statute allows—drug possession and use is certainly not permitted by the RPAPL, and is criminalized by Penal Law article 220—and does not impose additional restrictions on rights granted by the State (*see, Jancyn Mfg. Corp. v County of Suffolk, supra*, at 97). We therefore conclude that chapter 177 is not preempted by State law.

■ We are also unpersuaded by respondent's various claims of unconstitutionality. Legislative enactments, including local ordinances such as the one at issue here, carry a strong presumption of validity, imposing a burden on the challenger to prove unconstitutionality beyond a reasonable doubt (*see, People v Judiz*, 38 NY2d 529, 531, *supra*; *Metropolitan Package Store Assn. v Koch*, 89 AD2d 317, 324, *appeal dismissed* 58 NY2d 1112, *appeal dismissed* 464 US 802). Viewed in that light, we reject the contention that chapter 177 creates an impermissible distinction between tenants and property owners. As with the provisions of RPAPL article 7 dealing with the use of demised premises for illegal purposes, the clear purpose and effect of chapter 177 is to protect the health, safety and welfare of the surrounding community (*see, City of New York v Wright*, 222 AD2d 374, 375, *appeal dismissed* 87 NY2d 1054).

Nor are we persuaded that chapter 177 violates respondent's right to privacy. While people have a privacy interest in their homes (see, *People v Dennis*, 263 AD2d 618, 619, *lv denied* 94 NY2d 822), they have no corresponding right to violate the law in the privacy of their homes (see, *Bowers v Hardwick*, 478 US 186; *People v Shepard*, 50 NY2d 640; *People v Rodrick*, 205 AD2d 841, *lv denied* 84 NY2d 831, *cert denied* 514 US 1040). Clearly, respondent has no legitimate privacy interest in the possession or use of illegal drugs in his apartment.

Respondent's additional contentions have been considered and found to be similarly unavailing.

CARDONA, P. J., PETERS, SPAIN and GRAFFEO, JJ., concur.

Ordered that the order is affirmed, with costs.