Pusatere v City of Albany (2023 NY Slip Op 01124)

Pusatere v City of Albany

2023 NY Slip Op 01124

Decided on March 2, 2023

Appellate Division, Third Department

Clark, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 2, 2023

535695 

[*1]Deborah Pusatere et al., Respondents,
v
City of Albany et al., Appellants.

Calendar Date:January 13, 2023

Before: Egan Jr., J.P., Lynch, Clark, Ceresia and Fisher, JJ. 

Marisa Franchini, Corporation Counsel, Albany (Robert Magee of counsel), for appellants.
E. Stewart Jones Hacker Murphy LLP, Troy (Benjamin F. Neidl of counsel), for respondents.
The Legal Aid Society, New York City (Evan W. Henley of counsel), for Community Voices Heard and another, amici curiae.
Wilson Elser Moskowitz Edelman & Dicker, LLP, Albany (Peter A. Lauricella of counsel), for New York State Association of Realtors, Inc., amicus curiae.
The Justice Center at Albany Law School, Albany (David W. Crossman of counsel), for United Tenants of Albany and another, amici curiae.

Clark, J.
Appeal from an order of the Supreme Court (Christina L. Ryba, J.), entered June 30, 2022 in Albany County, which, among other things, granted plaintiffs' motion for summary judgment declaring City of Albany Local Law F of 2021 null and void.
Defendant Common Council of the City of Albany enacted City of Albany Local Law F of 2021 (hereinafter Local Law F) to address the negative impacts of no-cause eviction on public health. Local Law F § 1 added § 30-323 to the Code of the City of Albany, which requires landlords to present the most recent residential occupancy permit during an eviction proceeding. In addition, Local Law F § 2 added §§ 30-324 through 30-331 to the Code of the City of Albany, which require landlords to provide a good cause beyond the mere termination of a lease before they can evict a tenant. Plaintiffs, who are all landlords owning residential rental property within the boundaries of defendant City of Albany, commenced this action alleging, as relevant here, that Local Law F was preempted by conflict with various New York laws, including Real Property Law article 7 and RPAPL article 7, and seeking a judgment declaring Local Law F null and void. Plaintiffs further alleged that Local Law F was an invalid exercise of the City's police powers and municipal authority, a taking in violation of the US and NY Constitutions and a violation of the Contract Clause of the US Constitution. After defendants answered, plaintiffs moved for summary judgment declaring Local Law F null and void, and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court found that the Code of the City of Albany §§ 30-327 and 30-328 were preempted by conflict with RPAPL 711 (1) and Real Property Law §§ 226-c and 228. Consequently, the court granted plaintiffs' motion, declared Local Law F null and void and denied defendants' cross-motion. Defendants appeal.
Defendants contend that the relevant provisions of RPAPL article 7 and Real Property Law article 7 provide a procedural groundwork for eviction proceedings, while Local Law F provides the substantive conditions necessary for those evictions to take place and, as a result, the local law is not in conflict with state law. In drawing such a distinction, defendants misapprehend the standard.[FN1] "Although a local government is constitutionally empowered to enact local laws relating to the welfare of its citizens through its police power, . . . [c]onflict preemption prohibits a local government from adopting a law that is inconsistent with state law" (People v Torres, 37 NY3d 256, 265 [2021] [internal quotation marks and citations omitted]; see Matter of Norse Energy Corp. USA v Town of Dryden, 108 AD3d 25, 37 [3d Dept 2013], affd 23 NY3d 728 [2014]; Matter of Zorn v Howe, 276 AD2d 51, 54-55 [3d Dept 2000]). "[T]he fact that both the state and local laws seek to regulate the same subject matter does not in and of itself give rise to an express conflict" (Garcia v New York City Dept. of [*2]Health & Mental Hygiene, 31 NY3d 601, 617 [2018] [internal quotation marks, brackets and citation omitted]; see Matter of Zorn v Howe, 276 AD2d at 55). Instead, a party alleging conflict preemption must show "that the local law permits conduct prohibited by State law, prohibits conduct specifically permitted by State law or imposes restrictions on rights granted by the State" (Matter of Zorn v Howe, 276 AD2d at 55; see People v Torres, 37 NY3d at 268).
Supreme Court held that the Code of the City of Albany §§ 30-327 and 30-328 were barred by conflict preemption because they required a landlord to prove the additional element of "good cause" prior to evicting a tenant, restricted landlords' access to the courts, limited the eviction remedy provided to them in the RPAPL and interfered with their right to increase rent and terminate month-to-month tenancies upon 30 days' notice. As a result of the direct conflicts between the Code of the City of Albany §§ 30-327 and 30-328 and the relevant state law — RPAPL 711 (1) and Real Property Law §§ 226-c and 228 — the court nullified those sections. Because the court found that the remainder of Local Law F was intended to support the nullified sections, it nullified the entirety of Local Law F.
The Code of the City of Albany § 30-327 provides that "[n]o landlord shall, by action to evict or to recover possession, by exclusion from possession, by failure to renew any lease, or otherwise, remove any tenant from housing accommodation except for good cause as defined in [the Code of the City of Albany § 30-328]." In turn, the Code of the City of Albany § 30-328 (A) states that "[n]o landlord shall remove a tenant from any housing accommodation, . . . notwithstanding that the tenant has no written lease or that the lease or other rental agreement has expired or otherwise terminated, except upon order of a court" finding that the landlord has established one of the 10 listed "grounds as good cause for removal or eviction." Among other enumerated grounds, good cause is established when "[t]he tenant has failed to pay rent due and owing; provided, however, that the rent due and owing . . . did not result from a rent increase or pattern of rent increases which, regardless of the tenant's prior consent, . . . is unconscionable or imposed for the purpose of circumventing this article" (Code of the City of Albany § 30-328 [A] [1]). In determining whether a rent increase is unconscionable, a court "may consider, among other factors, i) the rate of the increase relative to the tenant's ability to afford said increase, ii) improvements made to the subject unit or common areas serving said unit, iii) whether the increase was precipitated by the tenant engaging in activity described [in RPAPL 223-b (1) (a)-(c)], iv) significant market changes relevant to the subject unit, and v) the condition of the unit" (Code of the City of Albany § 30-328 [A] [1]). Furthermore, a rent increase over 5% in a single year creates a rebuttable [*3]presumption that the rent increase is unconscionable (see Code of the City of Albany § 30-328 [A] [1]).
In turn, state law provides that a landlord may bring a special proceeding to evict a tenant when, in relevant part, "[t]he tenant continues in possession of any portion of the premises after the expiration of his [or her] term, without the permission of the landlord," or when "[t]he tenant has defaulted in the payment of rent" (RPAPL 711 [1], [2]). Further, a landlord may, upon written notice, "renew the tenancy of an occupant in a residential dwelling unit with a rent increase equal to or greater than [5%] above the current rent," or not renew the tenancy at all (Real Property Law § 226-c [1] [a]). Further, a landlord may terminate a tenancy at will or by sufferance by providing the tenant 30 days' written notice (see Real Property Law § 228).
We agree with Supreme Court that Local Law F § 2 is preempted by state law. To that end, the Code of the City of Albany § 30-327 requires a landlord seeking to evict a tenant to prove the additional element of "good cause," which grounds are enumerated in the Code of the City of Albany § 30-328. This additional element contravenes the statutory construction of RPAPL 711, which permits a landlord to seek eviction following the expiration of a tenant's lease or following a tenant's default on rent. By adding an element, the Code of the City of Albany §§ 30-327 and 30-328 "prohibit[ ] conduct specifically permitted by State law or impose[ ] restrictions on rights granted by the State" (Matter of Zorn v Howe, 276 AD2d at 55). Similarly, the Code of the City of Albany §§ 30-327 and 30-328 contradict Real Property Law § 228, as they require a landlord seeking to evict a tenant at will or by sufferance who has provided 30 days' notice to also establish good cause for the eviction. Further, the Code of the City of Albany § 30-328 interferes with a landlord's right to increase rent in compliance with Real Property Law § 226-c, as it imposes the additional requirement that a landlord must rebut a presumption that a rent increase of 5% or more is unconscionable. Therefore, despite defendants' good intentions, the Code of the City of Albany §§ 30-327 and 30-328 impose restrictions on rights granted to landlords by state law and, thus, Supreme Court properly declared those provisions nullified by conflict preemption (see Matter of City of Schenectady [Permaul], 201 AD3d 1, 11 [3d Dept 2021], lv dismissed & denied 38 NY3d 994 [2022]; compare Matter of Zorn v Howe, 276 AD2d at 56). Further, because nullifying the Code of the City of Albany §§ 30-327 and 30-328 leaves the remainder of Local Law F § 2 without meaning, Supreme Court properly nullified the entirety of Local Law F § 2 (see People v Viviani, 36 NY3d 564, 582 [2021]; compare Matter of City of Schenectady [Permaul], 201 AD3d at 12). Defendants' remaining challenges to the order on appeal regarding Local Law F § 2 are rendered academic by such finding.
However, due to a recent legislative amendment to the RPAPL, we reach a different conclusion regarding the Code of the City of Albany § 30-323, as added by Local Law F § 1. Pursuant to this new amendment, a landlord seeking eviction in the City of Albany must comply with a local law requiring the registration of rental properties (see RPAPL 741 [6], as amended by L 2022, ch 615, § 1 [eff Feb. 19, 2023]; Code of the City of Albany § 231-128 et seq.). Because the Code of the City of Albany § 30-323 no longer contradicts state law but, instead, "merely supplements" it, that section is not preempted (Matter of Zorn v Howe, 276 AD2d at 56; see Garcia v New York City Dept. of Health & Mental Hygiene, 31 NY3d at 617-621). We have examined plaintiffs' alternative arguments for affirmance on this issue and find them to lack merit. As such, we modify the order on appeal to reflect the effect of the amendment to RPAPL 741.
Egan Jr., J.P., Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the order is modified, without costs, by reversing so much thereof as granted plaintiffs' motion for summary judgment to the extent it declared the Code of the City of Albany § 30-323 null and void; plaintiffs' motion denied to that extent; defendants' cross-motion for summary judgment granted to the extent that it seeks dismissal of the portions of the complaint challenging the Code of the City of Albany § 30-323; complaint dismissed to that extent; it is declared that Code of the City of Albany § 30-323 is valid; and, as so modified, affirmed.

Footnotes

Footnote 1: Regardless, defendants' attempt to differentiate the nature of Local Law F from the relevant state law is mistaken. Upon a plain reading, RPAPL 711 establishes a landlord's substantive right to maintain an eviction proceeding against a holdover tenant or a tenant who defaults on rent; Real Property Law § 228 establishes a landlord's substantive right to terminate a tenancy at will or by sufferance on 30 days' notice; and Real Property Law § 226-c establishes a landlord's substantive right, upon sufficient notice, to raise rent by 5% or more or to not renew a tenancy.