Matter of 260 BC, LLC v Zoning Bd. of Appeals of the Town of E. Hampton (2025 NY Slip Op 01623)

Matter of 260 BC, LLC v Zoning Bd. of Appeals of the Town of E. Hampton

2025 NY Slip Op 01623

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
ROBERT J. MILLER
HELEN VOUTSINAS, JJ.

2021-08176
 (Index No. 2886/18)

[*1]In the Matter of 260 BC, LLC, et al., appellants,
v
Zoning Board of Appeals of the Town of East Hampton, et al., respondents-respondents; Taya Thurman, etc., intervenor-respondent.

Ackerman, Pachman, Brown, Goldstein & Margolin LLP, East Hampton, NY (Linda U. Margolin of counsel), for appellants.
Law Offices of Cahn & Cahn, P.C. (Jaspan Schlesinger Narendran, LLP, Garden City, NY [Daniel K. Cahn], of counsel), for respondents-respondents.
Michael G. Walsh, Water Mill, NY (Gabrielle T. Ray of counsel), for intervenor-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of East Hampton dated April 24, 2018, which, after a hearing, denied the petitioners' application for a natural resources special permit, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated September 28, 2021. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The petitioner 260 BC, LLC (hereinafter 260 BC), owns two parcels of real property in the Town of East Hampton. One of the parcels is improved by a residence, and the other parcel is vacant. The parcels are part of a subdivision known as the Estates of Further Lane, created in 2014. The subdivision includes three residential parcels—the two parcels owned by 260 BC and one other residential parcel—and a parcel that is owned by the petitioner Further Lane Homeowners Dune & Wildlife Conservation Assoc., Inc., and encumbered by a scenic and conservation easement (hereinafter the reserved area). The reserved area encompasses a part of the Atlantic Double Dunes area; contains barrier dunes, beaches, dune lands, beach vegetation, and freshwater wetlands; and is designated a New York State Significant Coastal Fish and Wildlife Habitat Area and a Scenic Area of Statewide Significance. The reserved area is situated between the subdivision's three residential parcels and the ocean beach. The intervenor, Taya Thurman, owns a parcel of real property adjoining the subdivision along its eastern boundary.
In 2015, the petitioners submitted an application to the Zoning Board of Appeals of the Town of East Hampton (hereinafter the ZBA) for a natural resources special permit (hereinafter NRSP) to construct an elevated pedestrian walkway over the reserved area for the purpose of [*2]accessing the ocean beach. The final version of the proposed elevated pedestrian walkway measured approximately 4 feet by 659 feet. Since a portion of the reserved area falls within a coastal erosion hazard area as designated by the New York State Department of Environmental Conservation (hereinafter the DEC), before applying for the NRSP, the petitioners were required to obtain a coastal erosion management permit and a tidal wetlands permit from the DEC. The DEC issued both of the permits in a single document (hereinafter the DEC permit), granting permission to "[c]onstruct walkway over dune." The DEC permit provided that the permittee was responsible "for obtaining any other permits, approvals, lands, easements and rights-of-way that may be required to carry out the activities that are authorized by this permit."
Pursuant to the Code of the Town of East Hampton (hereinafter the Town Code), in order to be entitled to the issuance of an NRSP, an applicant must demonstrate that he or she has satisfied the general standards contained in Town Code § 255-5-40 as well as the specific standards contained in Town Code § 255-5-50.
Following a public hearing, in a determination dated April 24, 2018, the ZBA denied the petitioners' application for an NRSP. The petitioners then commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. In a judgment dated September 28, 2021, the Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.
"A special use permit confers authority to use property in a manner that is permitted by a zoning ordinance under stated conditions, and such a permit is required to be granted unless reasonable grounds exist for its denial" (Matter of 7-Eleven v Board of Trustees of Inc. Vil. of Mineola, 289 AD2d 250, 250; see Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, 30 NY2d 238, 244; Matter of Chestnut Petroleum Dist., Inc. v Town of Mount Pleasant Planning Bd., 222 AD3d 748, 749-750). "Still, the '[f]ailure to meet any one of the conditions set forth in the ordinance is . . . sufficient basis upon which the zoning authority may deny the permit application'" (Matter of Chestnut Petroleum Dist., Inc. v Town of Mount Pleasant Planning Bd., 222 AD3d at 750, quoting Matter of Marcus v Planning Bd. of the Vil. of Wesley Hills, 199 AD3d 1007, 1008; see Matter of Wegmans Enters. v Lansing, 72 NY2d 1000, 1001-1002).
A local zoning board has broad discretion in rendering a determination on matters within its jurisdiction, and judicial review is limited to determining whether the action taken by the board was rational and not illegal, arbitrary and capricious, or an abuse of discretion (see CPLR 7803[3]; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613; Matter of Sasso v Osgood, 86 NY2d 374, 384). "The denial of a special exception permit must be rational and supported by evidence in the record" (Matter of 153 Mulford Assoc., LLC v Zoning Bd. of Appeals of the Town of E. Hampton, 205 AD3d 1019, 1022; see Matter of Green 2009, Inc. v Weiss, 114 AD3d 788, 789). "Where such supporting evidence exists, deference must be given to the discretion of the board, and a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record" (Matter of 153 Mulford Assoc., LLC v Zoning Bd. of Appeals of the Town of E. Hampton, 205 AD3d at 1023 [internal quotation marks omitted]; see Matter of Chestnut Petroleum Dist., Inc. v Town of Mount Pleasant Planning Bd., 222 AD3d at 750).
Here, the record supports the ZBA's findings, inter alia, that the petitioners failed to show that the proposed walkway would be compatible with its surroundings and with the character of the neighborhood and community in general, particularly with regard to visibility, scale, and overall appearance; that the proposed action may be introduced without undue disturbance or disruption of important natural features, systems, or processes; or that the proposed action would not result in detrimental environmental impacts (see Town Code § 255-5-40[A], [D], [K], [M]). Under these circumstances, the denial of the application for an NRSP was rational and supported by evidence in the record, and was not illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Chestnut Petroleum Dist., Inc. v Town of Mount Pleasant Planning Bd., 222 AD3d at 751; Matter of 153 Mulford Assoc., LLC v Zoning Bd. of Appeals of the Town of E. Hampton, 205 AD3d at 1023; Matter of Foti v Town of E. Hampton, N.Y., Zoning Bd. of Appeals, 60 AD3d 1057, 1057-1058).
The petitioners' contention that 6 NYCRR 505.8(d)(4), a regulation implemented by the DEC, mandates an elevated pedestrian walkway is without merit. "A local law is obviously inconsistent with a State law where there is an express conflict between the two" (Ba Mar v County of Rockland, 164 AD2d 605, 614; see Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d 91, 96-97; Oil Heat Inst. of Long Is. v Town of Babylon, 156 AD2d 352, 354). Inconsistency has been found where "local laws prohibit what would be permissible under State law, or impose prerequisite additional restrictions on rights under State law, so as to inhibit the operation of the State's general laws" (Eric M. Berman, P.C. v City of New York, 25 NY3d 684, 690; see Ba Mar v County of Rockland, 164 AD2d at 612-613). Nevertheless, "reading conflict preemption principles too broadly risks rendering the power of local governments illusory" (Garcia v New York City Dept. of Health & Mental Hygiene, 31 NY3d 601, 617).
Article 34 of the Environmental Conservation Law, which governs coastal erosion hazard areas, expressly contemplates local legislation. Environmental Conservation Law § 34-0102(2) provides that "[a]ny activities, development or other actions in [coastal] erosion hazard areas should be undertaken in such manner as to minimize damage to property . . . [and] may be restricted or prohibited if necessary to protect natural protective features," and Environmental Conservation Law § 34-0102(3) provides that "[l]ocal governments should be encouraged to use all authorities that can be applied within the identified erosion hazard areas to achieve these objectives." Environmental Conservation Law § 34-0107, entitled "Department regulation of coastal erosion hazard areas," provides, in relevant part, that "[n]othing in this section shall be construed to prohibit any local government from adopting and enforcing any ordinances or local laws, or exercising any other lawful powers within any area governed by erosion hazard area regulations adopted pursuant to this section; provided, however, that to the extent of any inconsistency between a county, city, town or village ordinance or local law and erosion hazard area regulations adopted pursuant to this section, the latter shall apply" (id. § 34-0107[4]). The purpose of 6 NYCRR part 505 is to implement the provisions of article 34 of the Environmental Conservation Law (see 6 NYCRR 505.1[a]). 6 NYCRR 505.8(d)(4), relied upon by the petitioners, provides that "[f]oot traffic which causes sufficient damage to primary dunes to diminish the erosion protection afforded by them is prohibited. Pedestrian passage across primary dunes must utilize elevated walkways and stairways, or other specially designed dune-crossing structures approved by the department (emphasis added)."
6 NYCRR 505.8(d)(4) prohibits foot traffic "which causes sufficient damage to primary dunes to diminish the erosion protection afforded by them." Here, the ZBA determined that the existing footpath that has been in use since 1962 providing access to the beach with no detrimental impacts to the natural features would continue to provide safe access without disturbing the natural features, and that the use of the footpath by the limited foot traffic of the users of the residential lots would not damage the dune. Accordingly, as the ZBA and the intervenor correctly contend, the prohibition set forth in 6 NYCRR 505.8(d)(4) is not triggered. We also take note that 6 NYCRR 505.8(d)(9) provides that "[a] coastal erosion management permit is required for new construction, modification or restoration of elevated walkways or stairways," but "[e]levated walkways or stairways constructed solely for pedestrian use and built by or for an individual property owner for the limited purpose of providing noncommercial access to the beach are excepted from this permit requirement."
The petitioners' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
DILLON, J.P., GENOVESI, MILLER and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court