PAUL B. HALPERN et al., Doing Business as TWIN LAKES VILLAGE, et al., Respondents, v SULLIVAN COUNTY, Appellant.

Third Department, October 17, 1991

APPEARANCES OF COUNSEL

*William C. Rosen, County Attorney (Robert S. Gaiman* of counsel), for appellant.

*Bond, Schoeneck & King (Richard L. Smith* of counsel), for respondents.

*Robert Abrams, Attorney-General (G. Nicholas Garin* and *John Corwin* of counsel), *amicus curiae.*

### OPINION OF THE COURT

LEVINE, J.

In June 1989, defendant's Board of Supervisors enacted Local Laws, 1989, No. 2 of Sullivan County (hereinafter the Local Law). The purpose of the legislation was to provide mobile home owners within the County with certain additional protections not afforded them under Real Property Law § 233, which governs the legal relationship between mobile

home park owners/operators and mobile home owners or tenants* in this State.

Plaintiffs, who are owners and/or operators of mobile home parks in the County, commenced this action in January 1990 seeking a judgment declaring the Local Law invalid on the ground that, *inter alia,* it was preempted by or inconsistent with Real Property Law § 233. Following joinder of issue, plaintiffs moved for summary judgment. Supreme Court granted the motion and this appeal followed.

Defendant's main contention on this appeal is that the Local Law was enacted pursuant to a valid exercise of its home rule powers *(see,* NY Const, art IX, § 2; Municipal Home Rule Law § 10). However, such powers are not unlimited and may be restricted by the doctrine of preemption, which applies where there is either an express conflict between local and State law or where the State has clearly indicated an intent to occupy the entire field *(see, Albany Area Bldrs. Assn. v Town of Guilderland,* 74 NY2d 372, 377; *Jancyn Mfg. Corp. v County of Suffolk,* 71 NY2d 91, 96-97). Where preemption is based on the State's intent to occupy a particular area, that intent "may be implied from the nature of the subject matter being regulated and the purpose and scope of the State legislative scheme, including the need for State-wide uniformity in a given area" *(Albany Area Bldrs. Assn. v Town of Guilderland, supra,* at 377).

Here, our review of the extensive provisions contained in Real Property Law § 233 leads us to conclude that it establishes a detailed and comprehensive statutory scheme for regulation of the rights and obligations of mobile home park owners/operators and mobile home tenants, thereby evidencing the State's intent to preempt the field of mobile home legislation *(see, supra).* Compelling evidence of the State's intent to preempt is found in the statute's legislative history, which indicates that the enactment and subsequent reenactment of Real Property Law § 233 *(see,* L 1973, ch 1012, § 1; L 1974, ch 973, § 1) were attempts by the Legislature to alleviate various problems existing in the area of mobile home landlord and tenant relations and to strike a balance between the interests of mobile home park owners/operators and mobile home tenants throughout the State *(see,* letter and mem of

---

* A mobile home tenant refers either to one who owns a mobile home and rents space in a mobile home park or one who rents a mobile home in a mobile home park *(see,* Real Property Law § 233 [a] [1]).

Senator Leon E. Giuffreda, Bill Jacket, L 1974, ch 973). Similarly, the Legislature's extensive amendment of Real Property Law § 233 in 1984 was prompted by State-wide concerns regarding the disparity in bargaining positions between mobile home park owners/operators and mobile home tenants (see, mem of Dept of Law, Bill Jacket, L 1984, ch 910; Mobile Home Parks: A Joint Report of the New York State Attorney-General and New York State Consumer Protection Board [June 1984]; see also, Miller v Valley Forge Vil., 43 NY2d 626, 629).

Also clear from the legislative history is that one of the key components of the balance between mobile home park owners/operators and mobile home tenants sought to be established by the Legislature was the inclusion of a provision in the 1974 reenactment of Real Property Law § 233 permitting the eviction of holdover tenants from mobile home parks (see, Real Property Law § 233 [b] [1]; Bill Jacket, L 1974, ch 973). In creating this right in mobile home owners/operators which did not exist in the earlier enactment (L 1973, ch 1012, § 1), the Legislature corrected a major weakness cited by the Governor in his 1973 approval memorandum (see, Governor's mem, 1973 McKinney's Session Laws of NY, at 2361). Notably, this legislation was supported by both the Mobile Home Park Owners and Mobile Home Tenants Associations (see, letter of Senator Leon E. Giuffreda, Bill Jacket, L 1974, ch 973). The absence of any similar provision regarding holdover tenants in the Local Law demonstrates an express conflict with the State law. In view of the State's clear purpose and design to statutorily create a balance in the area of mobile home regulation, it is unreasonable to conclude that it intended to permit localities, through patchwork legislation, to intrude on the legislative scheme by shifting that balance in favor of mobile home tenants (see, Consolidated Edison Co. v Town of Red Hook, 60 NY2d 99, 105-107; see also, Albany Area Bldrs. Assn. v Town of Guilderland, supra, at 379).

Finally, as the Second Department noted in Ba Mar v County of Rockland (164 AD2d 605, 613, appeal dismissed and lv denied 78 NY2d 877), a case dealing with two local laws strikingly similar to the one herein, a strong indication of the State's intent to preempt is also found in Real Property Law § 233 (v), which mandates uniform State regulation and enforcement. Specifically, section 233 (v) requires that mobile home park owners/operators file an annual registration statement with the State Commissioner of Housing and Commu-

nity Renewal and provides for State-wide enforcement by that official.

■ We reject defendant's contention that the references in Real Property Law § 233 to "existing local laws" *(see,* Real Property Law § 233 [b] [4]; [d] [3]; [n]) negate preemption. Again, we agree with the Second Department that while such references recognize the existence of local laws or ordinances regulating health, safety or welfare concerns and the landlord/tenant relationship generally, they do not either expressly or impliedly authorize localities to redefine the relationship between mobile home owners/operators and tenants established by the Legislature *(see, Ba Mar v County of Rockland, supra,* at 613-614; *People v Town of Clarkstown,* 160 AD2d 17, 24). We likewise reject defendant's assertion that special location conditions within the County demand stronger protection than that provided by Real Property Law § 233. Defendant has failed to demonstrate that the conditions identified, including the large number of mobile home parks and low vacancy rate for lots within the County, create " 'a real distinction between the [County] and other parts of the State' " *(Robin v Incorporated Vil. of Hempstead,* 30 NY2d 347, 351, quoting *Matter of Kress & Co. v Department of Health,* 283 NY 55, 59).

For all of the foregoing reasons, Supreme Court's order granting plaintiffs summary judgment declaring the Local Law invalid should be affirmed.

CASEY, J. P., MIKOLL, YESAWICH, JR., and CREW III, JJ., concur.

Ordered that the order is affirmed, with costs.