■ In the Matter of PETE DROWN, INC., et al., Appellants, v TOWN BOARD OF THE TOWN OF ELLENBURG, Respondent.—Mikoll, J. P. Appeal from a judgment of the Supreme Court (Ryan, Jr., J.), entered September 17, 1991 in Clinton County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia,* declare two local laws of the Town of Ellenburg null and void.

In November 1989 petitioner Pete Drown, Inc. (hereinafter petitioner) contacted respondent concerning the establishment of a medical waste incinerator in the Town of Ellenburg, Clinton County. On December 11, 1989 respondent passed a resolution (Resolution No. 36) by unanimous vote opposing the plan and instructed the Town Attorney to research and draft a local law or ordinance regulating dumping in the Town. At a Town Board meeting on January 8, 1990, respondent unanimously passed a resolution prohibiting "dumping, storing, or placing solid or liquid waste, including harzardous *[sic]* and toxic waste, and solid or liquid waste for incineration" in the Town. At respondent's meeting on January 23, 1990, Local Law No. 1 prohibiting the operation of a commercial incinera-

tor in the Town was proposed. At its meeting on February 5, 1990, respondent issued a declaration of environmental non-significance regarding Local Law No. 1 pursuant to the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) and also amended Local Law No. 1 to include an addition to the section entitled "Intent" and expansion of the "Provisions" section. The latter section, which formerly stated that "[t]he operation of a commercial incinerator within the Town of Ellenburg is hereby prohibited", was enlarged to include the following sentence: "Operation shall include but not be limited to, associated landfills, dumps and dumping ground intended to contain, store or stock pile solid, liquid, medical or any other kinds of waste." Local Law No. 1 was adopted at the same meeting.

Subsequently, this combined CPLR article 78 proceeding and declaratory judgment action was commenced seeking to nullify, *inter alia,* Local Law No. 1 on the ground that it was preempted by general State law and enacted in violation of SEQRA, Municipal Home Rule Law § 20 (4) and General Municipal Law § 239-m. After respondent answered and served a return, Supreme Court ruled in favor of respondent, denied the relief requested by petitioners and dismissed the petition-complaint.

The questions presented on this appeal are whether Local Law No. 1 was (1) preempted by ECL article 27, title 15, (2) enacted in violation of Municipal Home Rule Law § 20 (4), and (3) enacted in violation of General Municipal Law § 239-m. In our view each question is answered in the negative. However, as Supreme Court should have issued a declaration in favor of respondent *(see, Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951, 954), the judgment of Supreme Court should be modified accordingly.

We reject petitioner's contention that ECL article 27, title 15 is a "comprehensive, detailed statutory scheme" evidencing the Legislature's intent to preempt the field of regulation of medical waste *(see, Albany Area Bldrs. Assn. v Town of Guilderland,* 74 NY2d 372, 376-377). Title 15 contains no provision relating to the place where a medical waste inciner-ation facility may or may not be placed, indicating that title 15 is not preemptive of a municipality's home rule power to prohibit the operation of any commercial incinerator in the municipality despite the fact that other titles within ECL article 27 so provide *(see, ECL art 27, tits 9, 11).* And, after a permit has been granted pursuant to the ECL, the authority of municipalities to prohibit or restrict the facility is expressly

restricted *(see, e.g.,* ECL 29-0507). The specific supersession provision of ECL 27-1503 relates only to transportation of regulated medical waste and not to its storage, treatment and disposal *(see,* ECL 27-1502, 27-1505, 27-1507).

Petitioner's claim that Local Law No. 1 was enacted in violation of Municipal Home Rule Law § 20 (4) because it was amended on the day it was finally passed and, thus, not on the desks of the members in its final form for at least seven calendar days before its final passage, is not persuasive. The changes in Local Law No. 1 as it was first passed on January 23, 1990 and when finally passed on February 5, 1990 were not substantial. Consequently, the substance of Local Law No. 1 was on the desks for the required seven days and Municipal Home Rule Law § 20 (4) was not violated. Substantial compliance with Municipal Home Rule Law § 20 (4) is sufficient *(see, Alscot Investing Corp. v Laibach,* 65 NY2d 1042, 1044; *Matter of Burchetta v Town Bd.,* 140 Misc 2d 1050, 1056, *affd* 167 AD2d 339). Further, Municipal Home Rule Law § 51 declares that "[t]his chapter shall be liberally construed".

Finally, petitioner's argument that Local Law No. 1 is a zoning law and, therefore, was enacted in violation of General Municipal Law § 239-m, which requires that certain zoning laws be referred to the County Planning Commission for review before enactment, is also rejected. Local Law No. 1 states that it was enacted pursuant to Municipal Home Rule Law § 10, relating to police powers, in addition to the authority given the Town under Town Law §§ 264 and 265 relating to zoning. Respondent's passage of Local Law No. 1 was a valid exercise of its police power, as demonstrated by the expressions of concern made to respondent regarding "prevailing winds and emissions of dioxins and other gases" and the fact that the "Intent" section of the law referred to the importance of taking actions "to insure the public is protected from potential hazards resulting from commercial incinerators operating within the Town". Although it may not have been proper to enact Local Law No. 1 under the Town's zoning authority, it was still a valid exercise of the Town's police power *(see, Matter of Schilling v Dunne,* 119 AD2d 179, 184-185; *Village of Savona v Soles,* 84 AD2d 683, 684).

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by striking therefrom the word "dismissed" in the decretal paragraph; it is declared that Local Law No. 1 of the Town of Ellenburg has not been shown to be invalid; and, as so modified, affirmed.