■ In the Matter of TAYLOR TREE, INC., Appellant, v TOWN OF MONTGOMERY et al., Respondents. [676 NYS2d 190] —In a proceeding pursuant to CPLR article 78, in effect, to prevent the respondents from interfering with the operation of the petitioner's wood-chipping business pending a determination of the petitioner's application for a special exception use permit, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Orange County (Slobod, J.), dated April 8, 1997, as, upon dismissing the petition as academic, denied its motion to dismiss the respondents' counterclaim for a judgment declaring that the petitioner's application is subject to the provisions of Local Laws, 1996, No. 1 of the Town of Montgomery, granted the respondents' cross motion for summary judgment on the counterclaim, and declared that the petitioner's application for a special exception use permit is subject to the provisions of that local law.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Pursuant to Montgomery Town Code § 130-40-40.40, the failure of the Planning Board to take action on a special exception use permit within 45 days is to be construed as approval of the application. The petitioner contends that the Supreme Court erred in finding that the default approval provision was temporarily stayed during a moratorium imposed by Local Laws, 1995, No. 3 of the Town of Montgomery, on applications for recycling businesses, such as the petitioner's application for a special exception use permit. We disagree. The fact that the default provision was not identified in the moratorium ordinance is not fatal (*see,* Municipal Home Rule Law § 22 [1]). Moreover, a reading of the moratorium ordinance indicates that it satisfies the "reasonable certainty" test (*Turnpike Woods v Town of Stony Point,* 70 NY2d 735, 737). Therefore, even if, as the petitioner contends, the public hearing on its permit application was concluded on May 8, 1995, one day before the moratorium took effect on May 9, 1995, the Planning Board's action on February 12, 1996, within 45 days after the moratorium ended, denying the application for failure to comply with the requirements for such applications imposed by Local Laws, 1996, No. 1 of the Town of Montgomery, was timely, since the Planning Board could not have acted on the application during the moratorium (*see, Matter of West Lane Props. v Lombardi,* 139 AD2d 748).

The record does not support a finding of bad faith against the respondents.

We have considered the petitioner's remaining contention and find it to be without merit. Miller, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.