OPINION OF THE COURT
George B. Ceresia, Jr., J.
From 1969 to 1986 respondent Abalene Pest Control Service, Inc. (Abalene) operated a termite and pest control business at the intersection of Route 9 and Reservoir Road in the Town of Moreau, Saratoga County. During this period of time it is undisputed that toxic chemicals and pesticides were formulated, stored and improperly disposed of at the site. The Abalene facility was under the management and ownership of one Walter T. Blank, not a party to the instant proceeding. On December 31, 1986 Abalene’s corporate assets, including the facility on Reservoir Road, were sold to defendant-respondent Orkin Exterminating Company, Inc. (Orkin). Orkin has owned the property ever since. In March 1987 respondent New York State Department of Environmental Conservation (DEC) learned that pesticides had been illegally buried in a disposal pit on the northeastern portion of the site. Contaminants subsequently found at the site included the pesticides aldrin, chlordane, chlorpyrifos, lindane, 2,4,5-D, heptachlor epoxide, DDD, DDE, DDT, methoxychlor, 2,4,5-T and 2,4,5-TP (also known as Silvex). In 1987 and 1988 contaminants were found in residential drinking water from wells in the vicinity of the site. As a consequence, bottled water and carbon filtration systems were subsequently furnished to affected homes in the vicinity by Orkin.
On February 16, 1988 the State of New York commenced an action in United States District Court for the Northern District of New York (88-CV-163) pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (42 USC § 9601 et seq.) against Walter T. Blank, Abalene and Orkin (this action is hereinafter referred to as the Federal Action). In March 1992 an interim consent order was signed in the Federal Action. In the consent order, Orkin agreed to conduct a remedial investigation to determine the nature and *58 extent of contamination at the site. Orkin also agreed to prepare a feasibility study to determine the appropriate clean-up remedy. From 1992 to 1995 a remedial investigation and feasibility study was conducted and a report prepared, all funded by Orkin. On January 17, 1996 DEC issued a record of decision (ROD). It is this determination, and specifically, the selection of remedial alternative 4B, which is the subject of the instant combined CPLR article 78 proceeding/action for a declaratory judgment.
In this instance, the ROD issued on January 17, 1996 selected remedial alternative 4B from among several alternatives (identified as remedial alternatives 1, 2A, 2B, 2C, 2D, 3, 4A, 4B and 5) for remediation of the Abalene/Orkin Site. Remedial alternative 5, the selection of which is supported by petitioners, requires excavation and removal of all contaminated soil from the site. Remedial alternative 4B, the one selected by DEC in the ROD, requires a limited removal of contaminated soil in “hot spot” areas, coupled with “consolidation” of remaining contaminated soils in the northeastern portion of the property site, which would then be covered with a geotextile cap and a one-foot layer of topsoil.
Plaintiffs 10th cause of action alleges that selection of remedial alternative 4B is arbitrary and capricious because it includes disposition of on-site and off-site contaminated soils onto the Orkin parcel in violation of Town Code of the Town of Moreau § 91-10 which prohibits the dumping of waste at all locations within the Town of Moreau except at the Town landfill. Town Code § 91-10 recites as follows: “No person shall throw or deposit, or cause to be thrown or deposited, any abandoned vehicles, or parts thereof, or any of the following as defined in § 91-2 of this Article: waste, industrial waste, paper-mill sludge, pulpmill sludge, commercial waste or prohibited waste, in or upon any public highway, street or place within said Town of Moreau, except the landfill site aforesaid, pursuant to the regulations thereof.” Respondents argue that Town Code § 91-10 is preempted by the State’s regulatory scheme with respect to hazardous wastes. The Court of Appeals discussed the law of preemption in Albany Area Bldrs. Assn. v Town of Guilderland (74 NY2d 372, 377 [1989]):
“The preemption doctrine represents a fundamental limitation on home rule powers (see, Dougal v County of Suffolk, 65 NY2d 668, affg on opn at 102 AD2d 531, 532; 5 McQuillin, Municipal Corporations § 15.20, at 101-104 [3d ed 1989]). While localities have been invested with substantial powers both by *59 affirmative grant and by restriction on State powers in matters of local concern, the overriding limitation of the preemption doctrine embodies ‘the untrammeled primacy of the Legislature to act * * * with respect to matters of State concern.’ (Wambat Realty Corp. v State of New York, 41 NY2d 490, 497.) Preemption applies both in cases of express conflict between local and State law and in cases where the State has evidenced its intent to occupy the field (see, e.g., Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs, 74 NY2d 761 [express conflict]; Consolidated Edison Co. v Town of Red Hook, 60 NY2d 99 [intent to occupy the field]).
“Where the State has preempted the field, a local law regulating the same subject matter is deemed inconsistent with the State’s transcendent interest, whether or not the terms of the local law actually conflict with a State-wide statute. Such local laws, ‘were they permitted to operate in a field preempted by State law, would tend to inhibit the operation of the State’s general law and thereby thwart the operation of the State’s overriding policy concerns.’ (Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d 91, 97.) Moreover, the Legislature need not express its intent to preempt (New York State Club Assn. v City of New York, [69 NY2d 211], at 217). That intent may be implied from the nature of the subject matter being regulated and the purpose and scope of the State legislative scheme, including the need for State-wide uniformity in a given area (see, Robin v Incorporated Vil. of Hempstead, 30 NY2d 347). A comprehensive, detailed statutory scheme, for example, may evidence an intent to preempt.”
In this instance, as was the case in Albany Area Bldrs. Assn. (supra), it appears that the Legislature has expressed its intention that it occupy the field of hazardous waste disposal and cleanup (see, e.g., ECL 27-0900 [the purpose of ECL art 27, tit 9 is to regulate the management of hazardous waste in this State]; ECL 27-0916 [the Department of Environmental Conservation shall have authority to clean up or return to its original state any area where hazardous wastes were disposed, possessed or dealt in unlawfully]; ECL 27-1313 [the Department of Environmental Conservation may develop and implement an inactive hazardous waste disposal site remedial program to contain, alleviate or end the threat to life or health or to the environment]). Moreover, the court is not unmindful of the State’s general authority over solid waste management, collection and disposal (see, ECL art 27). The court finds that to the extent that Town Code § 91-10 could be interpreted to *60 infringe upon the Legislature’s broad delegation of authority to the Commissioner to oversee remediation of hazardous waste sites, that it must be deemed preempted by ECL article 27.
In making this determination, the court is mindful of the holding in Matter of Drown v Town Bd. (188 AD2d 850 [3d Dept 1992]). In Drown (supra), petitioner had sought to establish a medical waste incinerator in the Town of Ellenburg. After the petitioner had announced his plans the Town enacted a local law prohibiting the dumping, storing or placing of waste, or the operation of a commercial incinerator (including an incinerator for medical waste), in the Town. Petitioner, in a subsequent challenge to the local law, made the argument that ECL article 27 was intended to preempt the field of regulation of medical waste. The Court rejected the argument, finding that the Environmental Conservation Law did not regulate where a medical waste incinerator could be placed. The Court found that the Environmental Conservation Law (with certain noted exceptions) was not preemptive of a municipality’s home rule power to prohibit the operation of any commercial incinerator in the municipality.
Toxic wastes are not known to respect property boundary lines. As was the case in the instant situation, they often migrate off-site. One of the recognized tools of remediation is the relocation and consolidation (in conjunction with other protective measures) of hazardous wastes within a site of contiguous contamination. To permit a local municipality through its municipal code to prevent this kind of DEC-approved site remediation is, in the court’s view, a violation of the delegation to DEC by the Legislature of the authority to oversee and control such sites and “to contain, alleviate or end the threat to life or health or to the environment” (see, ECL 27-1313 [5] [c]). Such a restriction would place unreasonable restraints on DEC in its overriding obligation to preserve and protect both human health and the environment. Within the context of the facts in the instant record, the court finds that ECL article 27 preempts the Town of Moreau from restricting DEC in its obligation and responsibility to remediate a hazardous waste site.
The court has considered the remaining arguments of petitioners and found them to be without merit.
For all of the foregoing reasons, the court concludes that remedial alternative 4B is not invalid, null and void; and that the petition insofar as it seeks relief pursuant to CPLR article 78 must be dismissed.
Accordingly, it is ordered that parties have judgment determining and declaring (1) that the selection of remedial *61 alternative 4B in the record of decision for the Abalene/Orkin inactive hazardous waste site, Town of Moreau, Saratoga County, New York, New York State site No. 546035 by the New York State Department of Environmental Conservation dated January 17, 1996 is not arbitrary, capricious, irrational, an abuse of discretion and/or affected by an error of law and, therefore, is not invalid, null and void; and (2) that chapter 91 of the Town Code of the Town of Moreau is preempted by the appropriate provisions of ECL article 27, and related implementing regulations (6 NYCRR part 375) and does not serve to prohibit implementation of the ROD dated January 17, 1996; and it is ordered that the application for a preliminary and permanent injunction enjoining any excavation of contaminated soils, land clearing and/or materials upon the Abalene/ Orkin inactive hazardous waste site in the Town of Moreau or other actions implementing remedial alternative 4B be and hereby is denied; and it is ordered and adjudged that the petition be and hereby is dismissed.