■ In the Matter of MHC Greenwood Village NY, LLC, Appellant, v County of Suffolk et al., Respondents. [874 NYS2d 135]—

In a proceeding pursuant to CPLR article 78 to enjoin the respondent County of Suffolk from enforcing Local Law No. 1534 (2006) of County of Suffolk, which was converted into a hybrid proceeding pursuant to CPLR article 78 to enjoin the County of Suffolk from enforcing Local Law No. 1534 (2006) of County of Suffolk on the ground of inadequate notice of public hearing, and action, inter alia, for a judgment declaring Local Law No. 1534 (2006) of County of Suffolk invalid on the ground that it is unconstitutional under the Equal Protection Clause of the United States Constitution, and on the grounds of lack of jurisdiction and/or preemption, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Murphy, J.), entered December 5, 2007, as, upon an order of the same court dated August 10, 2007, declared Suffolk County Local Law No. 1534 (2006) of County of Suffolk valid in all respects.

Ordered that the judgment is modified, on the law, by delet-

ing the provision thereof declaring valid section 3 (A) of Local Law No. 1534 (2006) of County of Suffolk, section 4 (F) of Local Law No. 1534 (2006) of County of Suffolk, the portion of section 7 (A) of Local Law No. 1534 (2006) of County of Suffolk which provides that a homeowner residing in any planned retirement community "has the unrestricted right" to sell his or her home, the portion of section 7 (C) of Local Law No. 1534 (2006) of County of Suffolk which provides that a lease agreement is assignable to a subsequent purchaser "without conditions or restrictions by the planned retirement community owner or operator," the portion of section 12 (A) of Local Law 1534 (2006) of County of Suffolk which provides that an owner or operator of any planned retirement community who violates the Local Law "shall be guilty of a misdemeanor punishable by . . . imprisonment not to exceed six (6) months," and the portion of section 12 (B) of Local Law No. 1534 (2006) of County of Suffolk which provides that a homeowner or tenant injured or damaged in whole or in part as a result of a violation of the Local Law may bring an action for recovery of damages "in an amount not to exceed three times the actual damages or five hundred dollars, whichever is greater," and substituting therefor a provision severing and striking those portions of Local Law No. 1534 (2006) of County of Suffolk, and declaring those portions of Local Law No. 1534 (2006) of County of Suffolk invalid; as so modified, the judgment is affirmed, without costs or disbursements, and the order dated August 10, 2007 is modified accordingly.

The petitioner MHC Greenwood Village NY, LLC, owns and operates Greenwood Village, a planned retirement community consisting of approximately 525 homes, which is restricted to persons who are age 55 and older, located in Manorville, Suffolk County. It is undisputed that the residents of Greenwood Village own their homes, but lease the land on which the homes are situated. Every resident of Greenwood Village must enter into a residency agreement, which includes a provision requiring the residents to pay a "Base Residency Charge" which, in effect, is a monthly amount payable for the lease of the land on which each of the homes is situated. It is further undisputed that Greenwood Village currently is the only development of its kind in Suffolk County.

At a public hearing conducted by the Suffolk County Legislature (hereinafter the County Legislature) on October 17, 2006 several residents of Greenwood Village stated, inter alia, that a significant portion of the common areas of Greenwood Village were in a state of disrepair, that residents were paying disparate base residency charges as provided by their residency agree-

ments, and that many residents were unable to sell their homes because the petitioner, upon the sale of a home, would substantially increase the base residency charge for the new homeowner, thereby rendering the cost of residing in Greenwood Village unaffordable for any prospective purchaser. At a separate hearing, additional statements confirming these allegations were brought to the attention of the Veterans and Seniors Committee of the County Legislature.

On December 19, 2006 the County Legislature passed Local Law No. 1534 (2006) of County of Suffolk, also known as Local Law No. 1 (2007) of County of Suffolk (hereinafter the Local Law), which sought to comprehensively regulate the operations of planned retirement communities, by extending protections to the residents of those communities. The Local Law, among other things, regulates the residency agreements, the rules and regulations of Greenwood Village, the fees that the petitioner may charge residents of Greenwood Village, and the right of the residents to sell their homes and assign their land leases. The Local Law further provides that a violation thereof constitutes a misdemeanor punishable by up to six months of imprisonment. The Local Law was signed by the Suffolk County Executive on January 19, 2007.

The petitioner contends that the Local Law is invalid because (1) the Local Law violates the Equal Protection Clause of the United States Constitution (see US Const, 14th Amend), (2) the County Legislature exceeded its power granted by the New York State Constitution and the Municipal Home Rule Law (see NY Const, art IX, § 2 [c] [ii] [10]; Municipal Home Rule Law § 10 [1] [ii] [a]), in adopting the Local Law, and (3) the Local Law was preempted by state and federal legislation. The Supreme Court, inter alia, determined the Local Law to be valid in all respects.

The Supreme Court correctly determined that the Local Law did not violate the Equal Protection Clause. Section 1 of the Local Law entitled "Legislative Intent" indicated that the County Legislature found that Greenwood Village "is one example of this type of development." The Local Law did not intentionally treat the petitioner differently than others similarly situated. The Local Law regulates planned retirement communities, and the evidence in the record indicates that the County Legislature adopted the Local Law with the view that as the population of Suffolk County ages, it is anticipated that additional planned retirement communities will be established in Suffolk County. Thus, the County Legislature had a rational basis for adopting the Local Law (see Village of Willowbrook v Olech, 528 US 562, 564 [2000]).

The Supreme Court further correctly determined that the Local Law was not preempted by state or federal legislation (*see Incorporated Vil. of Nyack v Daytop Vil.*, 78 NY2d 500, 505 [1991]; *Matter of Penny Lane/E. Hampton v County of Suffolk*, 191 AD2d 19, 23 [1993]; *Halpern v Sullivan County*, 171 AD2d 157, 159 [1991]; *Ba Mar v County of Rockland*, 164 AD2d 605, 612 [1991]). State rent control and rent stabilization laws (*see* McKinney's Uncons Laws of NY § 8581 [Emergency Housing Rent Control Act § 1, as added by L 1946, ch 274, § 1, as amended]; §§ 8601, 8605 [Local Emergency Housing Rent Control Act §§ 1, 5, as added by L 1962, ch 21, § 1, as amended]) do not occupy the entire field of regulation of rents, as those statutes address "housing accommodations," which include buildings, structures, motor courts, and trailers (Uncons Laws § 8582 [2]). The provisions of the Real Property Law enacted by the State Legislature which regulate the termination of a lease, including a lease of land upon which a building destroyed "by the elements" is situated (Real Property Law § 227), does not constitute an intent by the State Legislature to regulate all land leases. Moreover, the enactment of provisions of the Real Property Law regarding assignments of leases of a residence and premises occupied for dwelling purposes (*see* Real Property Law §§ 226-b, 227, 227-a, 227-b, 227-c) does not constitute evidence that the State intended to preempt the Local Law, which regulates land leases in planned retirement communities on which dwellings, which are owned by the residents therein, are situated. In addition, we agree with the Supreme Court that the federal Housing for Older Persons Act (42 USC § 3607 [b] [2] [C]) does not preempt the Local Law.

However, several portions of the Local Law should have been declared invalid, as the County Legislature did not have the constitutional or statutory power to enact those portions of the Local Law (*see* NY Const, art IX, § 2 [c] [ii] [10]; Municipal Home Rule Law § 10 [1] [ii] [a]). A "duly enacted local law is clothed with the presumption of constitutionality [and] a heavy burden, at the threshold [is placed] on the party challenging the local law" (*41 Kew Gardens Rd. Assoc. v Tyburski*, 70 NY2d 325, 333 [1987]; *see Lighthouse Shores v Town of Islip*, 41 NY2d 7, 11 [1976]). However, a local law will not be valid if it interferes with the owner's beneficial enjoyment of its property. A municipality may not invoke its police powers "solely as a pretext to assuage strident community opposition" (*Matter of Belle Harbor Realty Corp. v Kerr*, 35 NY2d 507, 512 [1974]; *Matter of Charles v Diamond*, 41 NY2d 318, 324 [1977]). A three-prong test must be met to determine "whether necessity limits have been exceeded" (*id*; *see Matter of Belle Harbor Realty Corp.*

*v Kerr,* 35 NY2d 507, 512 [1974]). The municipality "must establish that it has acted in response to a dire necessity, that its action is reasonably calculated to alleviate or prevent the crisis condition, and that it is presently taking steps to rectify the problem" (*Matter of Belle Harbor Realty Corp. v Kerr,* 35 NY2d at 512). Moreover, with respect to regulation of a business by the adoption of a local law, "there must be (i) some 'real or substantial evil' (not necessarily a dire emergency) that the regulation is designed to cure, and (ii) a 'reasonable relation between such menace and the remedy proposed' " (*Louhal Props. v Strada,* 191 Misc 2d 746 [2002], *affd* 307 AD2d 1029 [2003], quoting *Cowan v City of Buffalo,* 247 App Div 591, 594 [1936]).

Applying these standards, several portions of the Local Law are invalid and should be severed from the remainder of the Local Law in accordance with its severability clause (*see Matter of Hynes v Tomei,* 92 NY2d 613, 627-628 [1998]). Section 3 (A) of the Local Law, which requires any planned retirement community owner or operator to offer every homeowner or tenant the opportunity to sign a long-term lease for 99 years, with the sole option of the homeowner or tenant to cancel said lease on 90 days' written notice, interferes with the petitioner's right of enjoyment of its property and is unreasonable.

Section 4 (F) of the Local Law requires the written consent "of all of the then residing home owners or tenants" in order to change, alter, or add a rule or regulation of Greenwood Village. This portion of the Local Law conflicts with section 3 (B) of the Local Law, which prohibits changes to the rules and regulations absent the written consent of "three-fourths of all homeowners or tenants then in residence." A requirement that all of the homeowners of Greenwood Village consent to a change or an addition to a rule or regulation also serves to interfere with the petitioner's right of enjoyment of its property. Moreover, because section 4 (F) of the Local Law conflicts with section 3 (B) of the Local Law, section 4 (F) is not reasonable.

The portions of sections 7 (A) and 7 (C) of the Local Law affording homeowners "the unrestricted right to sell" their homes, and the right to assign the land lease "without conditions or restrictions by the planned retirement community owner or operator," also are invalid. These portions of the Local Law permit homeowners to sell their homes and assign their land leases to anyone, whether or not they are 55 years of age or older, which ultimately would lead to Greenwood Village no longer being a planned retirement community. Accordingly, these portions of the Local Law serve to interfere with the petitioner's right of enjoyment of its property and are unreasonable.

The portion of section 12 (A) of the Local Law which provides that the owner or operator of a planned retirement community who violates the Local Law "shall be guilty of a misdemeanor punishable by . . . imprisonment not to exceed six (6) months" is patently unreasonable, as is the portion of section 12 (B) which permits a homeowner injured or damaged by virtue of a violation of the Local Law to bring an action to recover damages "in an amount not to exceed three times the actual damages or five hundred dollars, whichever is greater." We note that Real Property Law § 233 (w) (4), part of the statute that regulates "manufactured home parks," provides that a violation of that statute is punishable only by a fine not to exceed five hundred dollars.

The remaining portions of the Local Law are valid, as they do not interfere with the enjoyment of the petitioner's property and are reasonable. We note that it is "presumed that the legislative body has investigated and found the existence of a situation . . . indicating the need for or desirability" (*Lighthouse Shores v Town of Islip,* 41 NY2d at 11-12) of a local law, and if "any state of facts known or to be assumed, justifies the disputed measure," the court's power of inquiry ends (*id.* at 11-12). Here, the County Legislature had before it a state of facts which justified the adoption of the remaining portions of the Local Law.

The parties' remaining contentions are without merit. Ritter, J.P., Florio, Miller and Carni, JJ., concur.