# CP Vestal LLC v Town of Vestal

## 2025 NY Slip Op 31659(U)

## May 8, 2025

## Supreme Court, Broome County

## Docket Number: Index No. EFCA2024003023

## Judge: Eugene D. Faughnan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

PRESENT:    HON. EUGENE D. FAUGHNAN
                 Justice Presiding

STATE OF NEW YORK
SUPREME COURT: COUNTY OF BROOME

---

CP VESTAL LLC and RPNY SOLAR8, LLC,

              Plaintiffs/Petitioners,

For Judgment Pursuant to Article 78 of the CPLR and for
A Declaratory Judgment, pursuant to CPLR §3001

              vs.

THE TOWN OF VESTAL, NEW YORK, and
LINCOLN ELLIS, in his official capacity as
the Code Enforcement Officer of the Town
of Vestal, New York

              Defendants/Respondents.

**DECISION, ORDER and JUDGMENT**

Index No. EFCA2024003023

---

APPEARANCES:

Counsel for Plaintiffs/Petitioners:        The Wladis Law Firm, P.C.
                                       BY: CHRISTOPHER BAIAMONTE, ESQ.
                                       6312 Fly Road
                                       East Syracuse, NY 13057

Counsel for Town                   Coughlin & Gerhart LLP
Defendants/Respondents:           BY: ROBERT H. MCKERTICH, ESQ.
                                             GINA M. MIDDLETON, ESQ.
                                       99 Corporate Drive
                                       P.O. Box 2039
                                       Binghamton, NY 13904

[* 1]

**EUGENE D. FAUGHNAN, J.S.C.**

This is a combined Article 78 and declaratory judgment action related to Special Use Permit Applications submitted for two solar developments in the Town of Vestal. The Petitioners are CP Vestal LLC and RPNY Solar 8, LLC (collectively "Petitioners"). Both of them are solar developers seeking to construct solar arrays in the Town of Vestal. The Respondents are the Town of Vestal and Lincoln Ellis, the Town Code Enforcement Officer. The declaratory judgment aspect of this action seeks to declare Local Law No. 1 of the Year 2024 entitled "A Local Law Placing a Temporary Moratorium on Approvals Regarding Solar Array Farms" invalid, unlawful, null and void. The Article 78 component is in the nature of mandamus to compel Respondents to process Petitioners' Special Use Permit Applications in accordance with the Town's Solar Energy Local Law enacted in October 2023. Respondents filed a Verified Answer and Opposition to the Petition.[1] Oral argument was held virtually on February 3, 2025, at which time counsel for both parties were present. After due deliberation, this constitutes the determination of this Court.

## BACKGROUND FACTS

RPNY has been exploring options for the development of a solar facility at 840 South Jensen Road in the Town of Vestal since 2019. CP Vestal has been attempting to construct a solar facility at 392 Ross Hill Road since 2022.

RPNY alleges that in July 2019, Mr. Ellis advised that solar development was allowable under the Town Code as a "Public Utility Structure". Based upon that representation, RPNY continued to pursue the development and took preliminary steps toward that objective. However, when RPNY sought a formal declaration that its project would qualify as a "Public Utility Structure" in April 2021, Mr. Ellis stated that the project did not meet the criteria because RPNY was a private venture electric producer. RPNY appealed to the Zoning Board of Appeals ("ZBA") in June 2021. In August 2021, the ZBA upheld Mr. Ellis's interpretation that RPNY's

---

[1] All the papers filed in connection with the Petition and opposition are included in the NYSCEF electronic case file and have been considered by the Court.

2

proposed solar development would not be a "Public Utility Structure". RPNY did not challenge ZBA's determination.

The Town of Vestal did not have a solar ordinance in place in 2021. After the ZBA decision, the Town Board passed a Local Law in September 2021 which placed a six-month moratorium on approvals of any solar array farms (Moratorium No. 1). The stated purpose for the moratorium was to provide time for the Town Board to review whether regulation of solar projects was needed, and if so, to draft a new solar law. The Town was unable to complete a full evaluation and write a new law in that time, so, at a meeting on May 25, 2022, the moratorium was extended for another year, effective June 15, 2022 (Moratorium No. 2). On May 24, 2023, the Town Board approved a further six-month moratorium, effective July 7, 2023 (Moratorium No. 3). Finally, in October 2023, the Town adopted a Solar Energy Law (Local Law No. 9 of 2023).

With a new Solar Energy Law in place in the Town, RPNY submitted its first Special Use Permit Application on January 22, 2024, seeking approval to construct solar arrays. RPNY representatives attended a Town Planning Board meeting on February 13, 2024 to present RPNY's proposal and solicit comments. Based on the comments and concerns, RPNY filed an Amended Special Use Permit Application on March 7, 2024. The Planning Board considered the project at a meeting on March 19, 2024 and determined that it did not recommend moving the project forward. On June 12, 2024, the Town Board passed Local Law No. 1 of 2024, which imposed another 12-month moratorium on any solar projects (Moratorium No. 4), thereby precluding any actions to be taken under the Solar Energy Law, or consideration of any Special Use Permit Applications.

CP Vestal has been seeking to construct its solar facility since 2022, and like RPNY, was working with Town officials to assist in the development of solar energy regulations for the Town of Vestal. And, like RPNY, after Moratorium No. 3 expired, CP Vestal submitted a Special Use Permit Application. The date of that application was March 11, 2024, and it was scheduled for the Planning Board's April 8, 2024 agenda, but then was removed due to the Town Board's decision to further consider the Solar Energy Law and a possible fourth moratorium. The Town has not issued any determination on the CP Vestal application, due to the enactment of Moratorium No. 4.

3

After the Solar Energy Law was passed in October 2023, Town-wide elections in November 2023 resulted in three new members coming on to the five member Town Board. Additionally, the Town replaced the longtime Town Attorney with a new Town Attorney in 2024. Respondents contend these personnel changes resulted in a shift in the Town's solar energy policies and new views on solar development.

Petitioners filed this action on October 25, 2024 with two causes of action. The first is for declaratory judgment that Local Law No. 1 of 2024 (a/k/a Moratorium No. 4) is invalid because it is in contravention of the Town's established Solar Energy Local Law, and not based on sufficient grounds. The second cause of action is for a writ of mandamus compelling Respondents to process Petitioners' Special Use Permit Applications because the applications were submitted prior to the implementation of Moratorium No. 4. Petitioners argue that the Town has improperly utilized repeated successive moratoria to prevent solar development within the Town, and that the most recent moratorium is a violation of the Town's duly enacted Solar Energy Law.

## LEGAL DISCUSSION AND ANALYSIS

### A. Petitioners' Request for Declaratory Judgment Invalidating Local Law No. 1 of 2024

The 2024 moratorium passed by the Town halted consideration or processing of any requests for the construction solar arrays in the Town. In the context of land use and zoning, a moratorium is essentially a temporary pause or restriction on developments within the municipality.

Moratoria fall into two main categories. They can be predicated on the "police powers" of the municipality, or its land use authority. Characterizing the type of moratorium involved is crucial to determining the validity of the regulations and the standard of review.

A municipality's invocation of its "police powers" to adopt temporary land use restraints in "furtherance of the public health and welfare" will be upheld as long as the restriction is tailored to the necessity presented, and reasonably limited in duration. *Charles v. Diamond*, 41 NY2d 318, 324 (1977); *see Pete Drown, Inc. v. Town Bd. of Ellenburg*, 188 AD2d 850 (3rd Dept. 1992). The Court of Appeals has adopted a three-prong test to evaluate a police powers

4

moratorium. "[T]he municipality must establish that it has acted in response to a dire necessity, that its action is reasonably calculated to alleviate or prevent the crisis condition, and that it is presently taking steps to rectify the problem." *Matter of Belle Harbor Realty Corp. v. Kerr*, 35 NY2d 507, 512 (1974); *Charles v. Diamond*, 41 NY2d at 326. Examples of police powers actions include: a moratorium on the construction of any fast food establishments in "response to the problems of traffic congestion and littering" [*McDonald's Corp. v. Elmsford*, 156 AD2d 687, 689 (2nd Dept. 1989)]; revocation of building permits where an outdated sewer system could not sustain additional development [*Belle Harbor Realty Corp. v. Kerr*, 35 NY2d 507], and passing a local law banning commercial incinerators to include a situation where potential chemical hazards from medical waste posed a threat to the public [*Pete Drown, Inc. v. Town Bd. of Ellenburg*, 188 AD2d 850]. If operating pursuant its police powers, a municipality need not comply with zoning law procedures, such as referral to the Planning Board or County Planning Department, as would be the normal procedure under General Municipal Law § 239-m. *Id.* Instead, the urgent public need justifies prompt action.

Alternatively, under its land use powers, a municipality is permitted to enact "stopgap" or interim measures to prohibit a particular land use, and maintain the status quo while it reviews current ordinances and evaluates an overall plan. *Lakeview Apartments of Hunns Lake, Inc. v. Stanford*, 108 AD2d 914 (2nd Dept. 1985); *See, 119 Dev. Assoc. v. Village of Irvington*, 171 AD2d 656 (2nd Dept. 1991); *Land Use Moratoria*, James A. Coon Local Government Technical Series, New York Department of State (2024), at p. 1. That type of moratorium is intended "to allow a [municipality] to take reasonable measures temporarily to protect the public interest and welfare from the establishment of inconsistent land uses until a definitive ordinance is enacted." 15 Warren's Weed New York Real Property § 157.21(1) (2025) (citation omitted); *see, Lakeview Apartments of Hunns Lake, Inc. v. Stanford*, 108 AD2d 914. A land use moratorium must further a reasonable public purpose and may not exceed a reasonable period of time. *Cellular Tel. Co. v. Village of Tarrytown*, 209 AD2d 57 (2nd Dept. 1995); *Mitchell v. Kemp*, 176 AD2d 859 (2nd Dept. 1991).

Police power moratoria are typically used to address an urgent public need, while land use moratoria are utilized to permit further investigation and deliberation of regulations which will best achieve the long term goals of the community. The distinction between the two types of land use moratoria is important since they have different standards of review.

5

A municipality may not invoke its police powers as a pretext for a moratorium to appease community objections. *See Matter of Belle Harbor Realty Corp. v. Kerr*, 35 NY2d 507; *Matter of MHC Greenwood Vil. NY, LLC v. County of Suffolk*, 58 AD3d 735 (2nd Dept. 2009); *Cellular Tel. Co. v. Village of Tarrytown*, 209 AD2d 57. On the other hand, a municipality may not enact a moratorium under its land use powers that exceeds the scope of the land use needs.

Petitioners' specific declaratory judgment challenge is to Moratorium No. 4, enacted in June 2024, that precluded the granting of approvals for the development of any solar array farms. After considering the language and purpose of Moratorium, the Court concludes that Moratorium No. 4 is a land use moratorium and not a police powers moratorium.

Moratorium No. 4 states that it is being passed to halt development of solar land uses due to a concern that the projects could be located in unsuitable spaces. It further states that the Board needs more time to consider where those developments should be located so as to permit planned growth of the Town. While acknowledging the passage of a Solar Energy Law in October 2023, Moratorium No. 4 states that revisions to the law were needed. In particular, the Moratorium noted that subsequent to the enactment of the Solar Energy Law, many residents had been contacted by developers to obtain long term leases on real property in the Town, which could have a significant impact on land development within the Town. The Court concludes that the language of the moratorium shows it is intended to allow the Board to further evaluate and consider the current regulations and possible modifications, as part of a comprehensive plan to further the long-term goals of the community. The language is a strong indicator of a land use moratorium.

Respondents also submitted affidavits from Lincoln Ellis and Town Supervisor Maria Sexton. As noted by Ms. Sexton, the Town of Vestal Board consists of five members, three of whom were elected in November 2023. Those newly elected individuals campaigned on the need to improve zoning laws within the Town. Ms. Sexton's affidavit stated that the previous Board had promoted business development without adequately providing protection for landowners and residents. One goal of the reconstituted Board was to develop a comprehensive plan for land use, including solar projects. Coincidentally, Moratorium No. 3 was set to expire on January 7, 2024, just days after the new members joined the Board on January 1, 2024. Ms. Sexton further explained that upon taking office she began to familiarize herself with the Town's nascent Solar Energy Law and noted various shortcoming which she felt should be addressed.

6

After the expiration of Moratorium No. 3 on January 7, 2024, RPNY submitted is application for a solar array project. Accordingly, under the Town's 2023 Solar Energy Law, the application required review of the application by the Code Enforcement Officer for completeness (Solar Energy Law § 8(1)) and then consideration by the Town Planning Board. (Solar Energy Law § 8(2)). At a Planning Board meeting in February 2024, concerns were raised about the impacts of solar development on nearby properties including visual appeal, effects on wetlands and fire safety. According to Ms. Sexton, she also began to receive objections and complaints from residents about solar developments within the Town. No action was taken on RPNY's application at the Planning Board's February 2024 meeting.

The RPNY project on Jensen Road was next on the agenda for the Planning Board meeting on March 19, 2024. The Planning Board determined to recommend disapproval of the project, and sent a letter to the Board dated April 9, 2024 with that recommendation, citing concerns of proximity to neighbors, impact on the surrounding area, and potential devaluation of properties. However, on March 27, 2024, the Town Board began discussing another moratorium, so it appears the Town Board took no action on the Planning Board's disapproval of the RPNY project.

The CP Vestal project on Ross Hill Road was scheduled to be addressed at the Planning Board meeting in April 2024 but was apparently removed from the agenda. The application was not considered due to the Town Board's concerns about solar development and the possibility that the Board would seek another moratorium to allow the new Board to further consider the desirability and parameters of any solar project development.

The affidavit from Mr. Ellis states that his department has been working on the solar law question since the middle of 2020. He denied advising Petitioners that their solar project would qualify as a "public utility structure". Ultimately, he concluded that the proposed development did not constitute a "public utility structure" and his determination was upheld by the ZBA. He denied that there was any intent to frustrate or delay the Petitioners' applications.

There are no suggestions that Moratorium No. 4 was based on any urgent situation or threats to public health and safety, nor is there any other evidence of it being based on "police powers". The plain language of the moratorium is most consistent with a temporary pause for comprehensive review. The information shows that this moratorium is not based on authority under the Town's police powers. Rather, the moratorium is intended to permit the Board to

7

further consider its position with respect to any solar development, which is more closely associated with land use moratoria. Since Moratorium No. 4 was a land use moratorium, it must serve a valid purpose and be of a reasonable duration. *Matter of Roanoke Sand & Gravel Corp. v. Town of Brookhaven*, 24 AD3d 783, 786 (2nd Dept. 2005); *Cellular Tel. Co. v. Village of Tarrytown*, 209 AD2d 57. Petitioners have the burden of overcoming the presumption of constitutional validity of the ordinances. *Unanue v. Gardiner*, 105 AD2d 1025 (3rd Dept. 1984).

Respondents argue that Moratorium No. 4 was legitimately enacted to serve a valid purpose- to allow the Board to further evaluate the possibility and desirability of amending the Solar Law. As previously mentioned, the language of Moratorium No. 4 addresses a concern of unsuitable placement of solar facilities and shows the Town Board's attempt to provide orderly growth and development of the Town's lands, while also conducting a review of the 2023 Solar Energy Law. It is also significant that there were new members on the Board in 2024, who had not been present when the 2023 Solar Energy Law was enacted- in fact, the majority of the members were new in 2024. The moratorium further states that the Board was seeking to develop a Comprehensive Plan that would include consideration of solar array farms, and the Board's belief that the 2023 Solar Energy Law needed revisions. Ms. Sexton identified the concerns of the new Board members over the impact that solar development could have on the community, as well as comments from concerned citizens which followed the enactment of the Solar Energy Law. Based upon the views of the Board members and public concern, the moratorium would permit the Town to develop a future plan consistent with the goals of the new Board and the community.

On the other hand, Petitioners believe that all the debate and analysis should have been completed with the enactment of the 2023 Solar Law and that there is no basis to enact further regulations. However, Petitioners appear to be arguing that Respondents have not established an urgent need or emergency to enact a moratorium. That would be the standard of review if this was a police action, but this is a land use action. However, Moratorium No. 4 is designed to enhance a plan for land use for the overall benefit of the Town. The Court concludes that there is a valid purpose supporting the moratorium.

The next issue is the duration of the moratorium. There is no hard and fast rule of how long a moratorium can last, but it must be for a reasonable duration. *See*, 15 Warren's Weed New York Real Property § 157.21. Reasonableness is, by nature, fact specific.

8

Moratorium No. 4 is for a period of 12 months. That is a reasonable time frame for consideration of a change in the laws concerning solar developments. *See e.g. Matter of Laurel Realty, LLC v. Planning Bd. of Town of Kent*, 40 AD3d 857 (2nd Dept. 2007) (8 month moratorium followed by extensions of 8 months and 4 months to consider updates to the Town's master plan and comprehensive changes to it zoning ordinances was reasonable); *Matter of Rossi v. Town Bd. of Town of Ballston*, 49 AD3d 1138 (3rd Dept. 2008). In fact, the Vestal Town Board previously authorized a 12-month moratorium in May 2022 (effective June 15, 2022) to consider a review and study of solar array farms and regulations. Despite Petitioners' involvement, they did not challenge any of the prior moratoria. Given the complexities involved, the Court cannot say that a 12-month pause at this time is unreasonable.

Petitioners, however, argue that the combination of all four moratoria enacted here should be considered when assessing the issue of reasonable duration. Moratorium No. 1 was enacted on September 22, 2021 for 6 months; Moratorium No. 2 was for a period of one year from June 2022; Moratorium No. 3 was enacted on June 26, 2023 for 6 months (to December 26, 2023). The Solar Energy Law became effective on November 8, 2023, and Moratorium No. 4 was authorized at the Public Hearing on June 12, 2024 for a period of one year with an effective date of June 27, 2024. Although the first 3 Moratoria were not continuous, the Town did not accept any special use applications during that time, so there was basically a moratorium from September 2021 to December 2023; and then another moratorium on June 27, 2024.

Petitioners are correct that a municipality's use of successive moratoria could effectively prevent an application from ever being considered and that such action would be unconstitutional. *See e.g. Mitchell v. Kemp*, 176 AD2d 859 (the Town issued successive moratoria resulting in a nearly five-year delay and still had not enacted a zoning ordinance); *Lakeview Apartments of Hunns Lake, Inc. v. Stanford*, 108 AD2d 914 (Town enacted a moratorium in 1977 prohibiting certain usages, which was reenacted yearly for at least five years-the court found the Town's limitation on Petitioner's use of property was unconstitutional and void); *Lake Illyria Corp. v. Gardiner*, 43 AD2d 386 (3rd Dept. 1974) (Town Board enacted ordinances prohibiting anything but residential use of properties for four consecutive years pending completion of a comprehensive zoning plan, but no such plan was developed). However, the distinguishing fact in this case is that the Town of Vestal actually did adopt a Solar

9

Energy Law in 2023. Thus, the first three moratoria achieved the intended result of adopting a new solar law; then the composition of the Town Board changed significantly.

At issue now is Moratorium No. 4, which came about due to the concerns raised by constituents and new Board members as to possible shortcomings of the new solar law. In fact, then, this is really the first moratorium following the passage of the new law. The Board's prior actions do not establish a pattern of delay, but rather, show a slow but steady effort to address the solar energy concerns. Significantly, Petitioners did not challenge any of the first three moratoria. Under these circumstances, the Court concludes that the proper way to view Moratorium No. 4 is as an independent ordinance, and not a continuation of the prior moratoria on solar development. However, any further delays or extension of the moratorium would have to be closely reviewed, bearing in mind all the procedural matters previously set forth, to ensure that the delay does not become unreasonable.

Moratorium No. 4 shows that concerns have come to light about how the new law will impact the Town's future plans, particularly when the composition of the Board has changed. Furthermore, the affidavit of Ms. Sexton shows that the Board has been actively seeking information to implement any changes that are needed. Some of those actions were taken prior to the adoption of Moratorium No. 4, but there have also been some after that date, including meetings with the Town Engineer, the new Town Attorney, the Code Enforcement Officer, discussions with other individuals who have experience with solar developments, the submission of an application for a grant to obtain funds for consulting fees, and review of many state publications. Ms. Sexton asserts that the Town is well into the process of implementing changes or adopting a new law. Thus, the Board's actions have been designed to enact a solar law, and then when concerns arose, to modify that law. There is no evidence that the Town Board has intentionally engaged in tactics to prevent consideration and/or approval of Petitioners' applications. Therefore, there is no basis for the Court to invalidate Local Law No. 1 of 2024. The moratorium serves a valid purpose and is of reasonable duration.

B. Article 78 for Writ of Mandamus

Petitioners also seek a writ of mandamus to compel the Town to process the Special Use Permit Applications. If the Court ruled that Moratorium No. 4 was invalid and void, then there

10

would be no basis to delay processing of the application under the Town's Solar Energy Law, and a writ of mandamus would be appropriate. However, the Court has concluded that there is no basis to invalidate Moratorium No. 4, so the Moratorium, on its face, prevents processing of the applications. Nevertheless, Petitioners argue that their applications should still be processed because their Special Use Applications were submitted when there was no moratorium on solar development, so they are entitled to a determination under the Town's 2023 Solar Energy Law. Petitioners assert that Respondents had a non-discretionary obligation to process their applications, which should not be abridged by the adoption of a moratorium. Petitioners also claim that a determination regarding RPNY's application was actually due before the moratorium went into effect, so the moratorium cannot deprive them of a decision which was due before the pause imposed by the moratorium. Petitioners also cite to various "special facts" which they believe show a pattern of bad faith or unjustified delay by the Respondents that Petitioners believe establish their entitlement to a determination of their applications. The Court will address these contentions.

The moratorium prevents the Town or any other municipal body from granting approvals for solar array farms. The fact that Petitioners both had applications pending when Moratorium No. 4 was enacted does not change that prohibition. *See, e.g. West Lane Properties v. Lombardi*, 139 AD2d 748 (2nd Dept. 1988) (moratorium was enacted after the petitioner had applied for site plan approval and, during the moratorium, the zoning law was amended); *see also, Taylor Tree, Inc. v. Town of Montgomery*, 251 AD2d 673 (2nd Dept. 1998) (moratorium was enacted after a special exception use permit application was filed by Petitioners but the Planning Board was prevented from taking any action during the moratorium). The Court has concluded that Moratorium No. 4 is valid. Thus, the moratorium prevents any further processing of the Petitioners' applications. *See, Taylor Tree, Inc. v. Town of Montgomery*, 251 AD2d 673. No writ of mandamus can be issued compelling the Town to process the applications at this time due to the pause imposed by Moratorium No. 4, unless Petitioners can establish a basis to disregard or circumvent Moratorium No. 4.

Petitioners' further contention that RPNY was entitled to a determination on its application even before the moratorium took effect is not persuasive. Under the applicable provisions of the Solar Energy Law, when an application is submitted to obtain a Special Permit under the law, the applicant shall be informed within 20 days whether the application is complete

11

or contains any deficiencies. If the application is complete, it is then forwarded to the Town Planning Board which then conducts a site plan review. When that review is completed, the matter is forwarded to the Town Board for a public hearing. *See* Solar Energy Law Sections 8 (A)(1) and (2).

RPNY submitted its application on January 22, 2024 and comments were provided about the application on February 23, 2024. Although it appears the response may have taken longer than 20 days, RPNY did not challenge the minimal delay. RPNY revised is application and re-submitted it on March 7, 2024. The Planning Board met on March 19, 2024 and decided to recommend disapproval. The Planning Board issued its opinion on April 9, 2024 which was against moving the project forward. Petitioners assert that the application should have been forwarded to the Town Board for the scheduling of a public hearing within 62 days, pursuant to Solar Energy Law § 8(a)(5). A public hearing was not held, even though more than 62 days elapsed after the April 9, 2024 and before the adoption of Moratorium No. 4 on June 12, 2024. Therefore, Petitioners believe that at least RPNY is entitled to a determination of its application. The Court does not agree with Petitioners reading of the Solar Energy Law.

After an application is submitted and reviewed by the Code Enforcement Officer and/or Town Engineer for completeness, it is then sent to the Planning Board for a site plan review. Solar Energy Law Sections 8 (A)(2). Upon completion of that review, the proposed project is sent to the Town Board for a public hearing, with the Planning Board's recommendation. The Board then schedules the public hearing and when the public hearing is concluded, the Town Board "shall take action on the application within 62 days." Solar Energy Law § 8 (a)(5). The 62-day requirement is not a time limit as to the scheduling of the public hearing, but instead is the Town Board's deadline for the Town Board's action after the public hearing. There has been no public hearing yet, so contrary to Petitioner's position, the time to respond has not yet passed.

CP Vestal submitted its application on March 11, 2024 and did not receive any response concerning completeness or deficiencies as required by Solar Energy Law Sections 8 (A)(1) and (2). The matter was placed on the agenda for the Planning Board for April 8, 2024 but then removed. The Solar Energy Law does not contain a time limitation on when the application must be provided to the Planning Board for a site plan review, so it cannot be said that a determination on the application is past due.

12

The Court concludes that Petitioners' applications did not require the Town to provide a response prior to the passage of Moratorium No. 4. With the enactment of Moratorium No. 4, no determination is possible at this time.

Nonetheless, Petitioners argue that Respondents have acted in bad faith so Moratorium No. 4 should be disregarded, and the applications should be processed under the 2023 Solar Energy Law. In essence, Petitioners seek to revert to the law prior to the moratorium, and they argue that there are facts present that justify not considering the moratorium. Although not specifically stated, Petitioners seem to be invoking a "special facts" exception recognized in the caselaw.

The "special facts" exception is generally used to overcome the principle that a case should be decided on the law existing at the time the case is decided. It is an argument that attempts to revert to the law previously in place. In the current case, there are not 2 different laws, but only the 2023 Solar Energy Law. There is no law amending or altering the 2023 Solar Energy Law. There is only a moratorium placed on the law, which is a "pause" on the existing law. If the Petitioner established that Moratorium No. 4 was invalid, then there would be a basis to claim that the applications should be processed under the 2023 Solar Energy Law, but the Petitioner failed to make that showing. At present, there is only one law, with a temporary pause, and the "special facts" analysis is not applicable, but even if it was, Petitioners have not established that any "special facts" exception applies.

Generally, the law as it exists at the time a decision is rendered is controlling. *D'Agostino Bros. Enters. v. Vecchio*, 13 A.D.3d 369 (2nd Dept. 2004); *McDonald's Corp. v. Elmsford*, 156 AD2d 687. However, if there are "special facts" present that "indicate that the Board 'acted in bad faith and unduly delayed acting upon [the] application while the zoning law was changed'", then it is appropriate to consider the facts under the prior law. *Matter of Cleary v. Bibbo*, 241 AD2d 887, 888 (3rd Dept. 1997), *quoting Matter of Bibeau v. Village Clerk of Vil. of Tuxedo Park*, 145 AD2d 478, 479 (2nd Dept. 1988) (brackets in original). Petitioners seem to argue that if they can establish "special facts", then the Town should be compelled to process their applications under the 2023 Solar Energy Law. Even if the Court accepts that as a legal premise, the facts and allegations here do not give rise to any claim that the Board acted in bad faith. Instead, Respondents have demonstrated that almost immediately upon the new Board members taking their positions, the members were engaged in discussions about amending the Solar

13

Energy Law, and that they did so due to concerns about the long-term goals and plans for the Town. The moratorium was not targeted toward these Petitioners or the result of bad faith. Nor was it unduly protracted or designed to prevent consideration of Petitioners' applications. The Petition does not allege that "the Board's actions were 'the product of malice, oppression, manipulation or corruption." *Cleary v. Bibbo*, 241 AD2d at 888, *quoting Matter of Magee v. Rocco*, 158 AD2d 53, 60 (3rd Dept. 1990). While the Town Board may not have proceeded with the speed which Petitioners would have liked, and the moratorium further delays the processing of their applications, the Court cannot construe the actions of the Town Board as being dilatory or taken in bad faith. Thus, there is no basis to invoke a "special facts" exception in this matter.

## CONCLUSION

Based on all the foregoing, the Court concludes that, although there have been multiple moratoria enacted relating to solar development in the Town of Vestal, there is no basis to invalidate the fourth moratorium embodied in Local Law No. 1 of 2024, under the circumstances in this case. Therefore, the demand for declaratory judgment that Local Law No. 1 of 2024 is invalid, unlawful, null and void is <u>denied</u>. Accordingly, the Petitioners applications are subject to the moratorium and the Petitioners applications cannot be processed at this time. Further, Petitioners have not established any "special facts" to support a writ of mandamus to compel the Town to process their Special Use Permit Applications under the 2023 Solar Energy Law.

Accordingly, based on all the foregoing and after due deliberation, it is hereby

ORDERED AND ADJUDGED, that the Petition is DENIED AND DISMISSED.

THIS CONSTITUTES THE DECISION, ORDER AND JUDGMENT OF THIS COURT.

Dated:      May _____, 2025
           Binghamton, New York

                                      HON. EUGENE D. FAUGHNAN
                                      Supreme Court Justice

14